■ MARINA J. DUNHAM, as Executrix of WALTER D. DUNHAM, Deceased, Respondent, v. MARY J. DUNHAM, Appellant.— Appeal from orders of the Supreme Court at Special Term, entered September 17, 1971 in Greene County, which denied defendant's motion for summary judgment. Appellant is the former wife of decedent and respondent is the widow and executrix of his estate. Pursuant to a separation agreement entered into during his lifetime, decedent devised to appellant " all of the stock which I might own at the time of my death, in Dunham Tunnell (sic) and Excavation Corporation * * * to be hers absolutely." A decade previously decedent and the other shareholders of the Dunham Tunnel and Excavation Corporation, a close corporation, entered into an agreement with the corporation and among themselves which provided that upon the death of a shareholder the surviving shareholders " shall severally purchase " his shares. No provision was made to allow inter vivos or testamentary gifts. An amendment to the shareholders' agreement, effective on August 9, 1967, provided that shares of stock could be freely transferred, whether or not for adequate consideration, by inter vivos gift or testamentary disposition to any of the shareholders who were parties to the agreement. Appellant has been at all times a shareholder in the corporation and was a party to the original shareholders' agreement and the amendment thereto. At present she owns 92 shares of stock in her own name. Decedent's will was admitted to probate by the Greene County Surrogate on February 16, 1970. In an opinion dated July 31, 1970 (Matter of Dunham, 63 Misc 2d 1029, affd. 36 A D 2d 467. mot.

for lv. to app. den. 29 N Y 2d 485) the Surrogate held that the executrix had the right to retain title to shares of stock which were to pass to appellant as a distributee under the will in order to discharge debts and expenses of the estate and to satisfy her widow's right of election. The Surrogate also stated: "This court will entertain a petition by the executrix or the current petitioner to determine (1) the effect of the offer made by the executrix, (2) the construction of the restrictive stockholders' agreement and the amendment thereto, and (3) the number of shares to be sold and the price thereof. \* \* \* This court therefore retains jurisdiction for the purpose of determining what the rights of the legatee and widow may be under the stockholders' agreement and the amendment thereto. In addition the court has an interest in avoiding a multiplicity of actions between the parties before it." (*Matter of Dunham, supra,* pp. 1035–1036.) Respondent executrix commenced an action in Supreme Court on January 5, 1970 against appellant wherein she requested judgment that appellant is legally obligated to purchase the 93 shares of stock owned by decedent at the time of his death. Appellant denied an obligation to purchase such shares of stock and made a motion for summary judgment, which was denied. Special Term denied appellant's motion for summary judgment on the ground that it pertained to a matter over which the Surrogate had retained jurisdiction, and because, in view of the prior proceeding before the Surrogate and the resulting decree, the Surrogate could more effectively settle the dispute. The Supreme Court properly exercised its discretion in refusing jurisdiction and in refusing to grant the motion for summary judgment. The Supreme Court and the Surrogate's Court have concurrent jurisdiction in matters involving decedents' estates (N. Y. Const., art. VI, §§ 7, 12; *Crempa* v. *Oakley,* 9 Misc 2d 583). However, the Supreme Court ordinarily refrains from exercising the concurrent jurisdiction where all the relief requested may be obtained in the Surrogate's Court and where the Surrogate's Court has already acted (*Matter of Moody,* 6 A D 2d 861; *Ris* v. *Ris,* 257 App. Div. 845). Moreover, the Surrogate expressly stated that he was retaining jurisdiction for the purpose of determining what the rights of the legatee and the widow may be under the stockholders' agreement and amendment thereto. This assertion by the Surrogate of jurisdiction is valid since it pertains to "matters relating to the affairs of decedents" (SCPA 201, subd. 3). Apparently, Special Term intended to give the parties leave to make motions to terminate the action in Supreme Court at which time he intended to transfer the action to the Surrogate's Court. The power of the Supreme Court to transfer an action or proceeding (N. Y. Const., art. VI, § 19, subd. a; CPLR 325, subd. [e]) may, of course, be exercised by the Appellate Division of the Supreme Court. (*De Rosa* v. *Slattery Contr. Co.,* 14 A D 2d 278, 281, affd. 12 N Y 2d 735.) Since the Surrogate's Court has already acted (*Matter of Moody, supra*) and the court first assuming jurisdiction should retain it to the exclusion of the other (*Matter of Bausch,* 270 App. Div. 418), the matter should be transferred to the Surrogate's Court of Greene County. Orders affirmed, without costs, and matter transferred to the Surrogate's Court of Greene County for further proceedings. Herlihy, P. J., Greenblott, Simons, Kane and Reynolds, JJ., concur.