■ GEORGE SCHOENHERR, Appellant, v WILLIAM A. SCHAUER et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered October 25, 1976 in Ulster County, which granted defendants' motion to remove the action to Queens County Surrogate's Court. Plaintiff commenced this action against defendants in conversion to recover the sum of $1,000 found in the personal effects of decedent, his uncle. Defendants allege that the sum of money constitutes "testamentary assets" to be distributed by Surrogate's Court; that decedent's will was offered for probate in Queens County Surrogate's Court and plaintiff has filed objections to

probate. Defendants moved for summary judgment, or in the alternative, for an order transferring the matter to Queens County Surrogate's Court and plaintiff cross-moved for summary judgment. All motions were denied by Justice George Cobb sitting at Special Term wherein, among other things, he stated that the court should not then transfer the litigation to Surrogate's Court with or without its consent. Subsequently, the Surrogate consented to the transfer. Thereafter defendant again moved in Supreme Court for an order transferring the matter to Surrogate's Court. Justice Robert Williams, sitting at Special Term, granted the motion on the theory that circumstances had changed "considerably" since Justice Cobb's decision. It is from this determination that plaintiff appeals. We reject plaintiff's contention that Special Term erred because Justice Cobb's determination became the law of the case. Considering the record in its entirety, we are of the view that to promote the interest of justice the matter should be tried in Surrogate's Court (see *Dunham v Dunham*, 40 AD2d 912). The Surrogate has consented to the transfer and has jurisdiction over the parties and subject matter. The order, therefore, should be affirmed. Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.