■ H & G Operating Corporation, Doing Business as Raleigh Hotel, et al., Respondents, v Bella L. Linden et al., as Executors of George Gilbert, Deceased, Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Williams, J.), entered November 22, 1988 in Sullivan County, which, *inter alia,* granted plaintiff's motion to restrain defendants from taking any further action in the Surrogate's Court of Rockland County in connection with the issues raised by plaintiffs' complaint in this action.

Defendants are the executors of the estate of George Gilbert, who died March 29, 1988 a resident of Rockland County. Decedent's will, admitted to probate by the Surrogate's Court of Rockland County on June 14, 1988, bequeathed the residuary estate of decedent to the George Gilbert Foundation, a nonprofit, tax-exempt charitable organization. At the time of his death, decedent owned a 50% stock interest in plaintiff H & G Operating Corporation (hereinafter H & G), a New York corporation which owns and operates the Raleigh Hotel in the community of South Fallsburg, Sullivan County. The other 50% of H & G is owned by plaintiff Mannie Halbert. Decedent and Halbert had entered into an alleged stockholders' agreement, dated July 9, 1981, which provided, among other things, that H & G or the surviving stockholder may purchase the shares of the deceased stockholder. H & G gave notice on June

23, 1988 to defendants, as executors of decedent's estate, that it was exercising its option to purchase decedent's entire stock interest in H & G. A dispute arose over the valuation of the stock and the stock purchase was not completed.

On September 9, 1988 defendants filed a petition in the Surrogate's Court of Rockland County seeking discovery relating to decedent's stock interest in H & G pursuant to SCPA 2103. By order dated September 14, 1988 Surrogate's Court directed discovery to take place. Certain depositions were held on October 11, 1988 pursuant to the order.

By service of a summons and verified complaint on defendants on September 23 and 28, 1988, plaintiffs commenced this action in Supreme Court, Sullivan County, seeking specific performance of the alleged stockholders' agreement. Defendants interposed an answer on or about October 19, 1988. On October 17, 1988, defendants, as executors of decedent's estate, filed a petition in the Surrogate's Court of Rockland County requesting the following relief: (a) a declaratory judgment that the 1981 stockholders' agreement was canceled by a November 7, 1984 agreement, (b) in the alternative, reformation of the 1981 stockholders' agreement to state the fair market value of the shares of stock as the purchase price, and (c) judgment for sums due the estate as decedent's salary, compensation and dividends of the corporation. Surrogate's Court issued a citation on this petition on October 18, 1988 returnable in Surrogate's Court on November 15, 1988, but the citation was never served. Thereafter, on October 28, 1988, Surrogate's Court signed an order to show cause, also returnable November 15, 1988 in Surrogate's Court, directing H & G and Halbert to show cause why an order should not be made consenting to the transfer to Surrogate's Court of the action pending in Supreme Court.

By order to show cause signed October 31, 1988 and returnable November 14, 1988, plaintiffs sought an order in Supreme Court restraining defendants and their counsel from taking any further actions, discovery or proceedings in Surrogate's Court pending determination of this motion. Supreme Court, in an order without opinion, directed that defendants and their counsel be stayed from taking any further actions or proceedings in Surrogate's Court with respect to (1) the subject matter of the pending Supreme Court action, (2) any further Surrogate's Court discovery pursuant to SCPA 2103, and (3) all issues raised in the petition dated October 17, 1988. The order, among other things, also directed the transfer of

all issues raised by the pleadings to Supreme Court from Surrogate's Court. This appeal by defendants ensued.

There should be a reversal of the order of Supreme Court. Plaintiff's action in Supreme Court should be transferred to Surrogate's Court for consolidation with the causes of action alleged in the petition of October 17, 1988.

The determinative question raised on this appeal is whether the commencement of the action in Supreme Court on September 23 and 28, 1988 divested Surrogate's Court of jurisdiction of the subject matter of the causes of action alleged in the petition of October 17, 1988. This distills to the issue of whether, in initiating the discovery proceeding pursuant to SCPA 2103 by petition in Surrogate's Court on September 9, 1988, Surrogate's Court acted in the matter which is the subject of this action. Plaintiffs argue that the discovery proceeding was an independent proceeding which was *not* sufficient to warrant retention of jurisdiction in Surrogate's Court. Defendants contend, on the other hand, that it was sufficient to keep jurisdiction in Surrogate's Court. "While the Supreme Court and the Surrogate's Court have concurrent jurisdiction in matters involving decedent's estates * * * it is the general rule that '[w]herever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court' * * *. Thus, 'the Supreme Court ordinarily refrains from exercising the concurrent jurisdiction where all the relief requested may be obtained in the Surrogate's Court and where the Surrogate's Court has already acted' *(Dunham v Dunham,* 40 AD2d 912, 913)." *(McCoy v Bankers Fed. Sav. & Loan Assn.,* 131 AD2d 646, 648-649.)

Examination of the record indicates that the subject of the discovery requested in the September 9, 1988 petition was information about the same July 9, 1981 stockholders' agreement and the value of the shares which is the subject matter of the Supreme Court action. Information acquired in the discovery proceeding was used to frame issues in the ensuing petition filed in Surrogate's Court on October 17, 1988. Personal jurisdiction over plaintiffs was acquired in the discovery proceeding. Joseph Friedman, attorney for plaintiffs, admits in his affirmation in support of their order to show cause that the SCPA 2103 discovery proceeding inquiry was "with respect to such books, records, documents and work papers, all of which relate to the same subject matter of this action". Unlike the situation presented in our recent decision in *Zeglen*

*v Zeglen* (150 AD2d 924, 925), we are not here faced with a *fait accompli* and, therefore, are free to follow the ordinary rule *(see, McCoy v Bankers Fed. Sav. & Loan Assn., supra,* at 648-649; *Dunham v Dunham, supra,* at 913).

We reject plaintiffs' argument that the discovery proceeding is not a sufficient proceeding to support a finding that Surrogate's Court had already acted prior to the commencement of the instant Supreme Court action. Despite the limited petition for discovery,* Surrogate's Court possessed the power during the pendency of the SCPA 2103 proceeding to exercise any of the jurisdiction granted to it by the SCPA or any other provision of law *(see, Matter of Barrie,* 134 Misc 2d 440, 442-443; *see also,* SCPA 201, 202). Thus, although not exercised, Surrogate's Court could, upon proper application, entertain a motion to expand the proceeding before it *(see,* SCPA 201, 202).

We also find no merit to plaintiffs' argument that Surrogate's Court does not have jurisdiction to grant complete relief to the parties *(see, Matter of Piccione,* 57 NY2d 278; *Dunham v Dunham, supra; see also,* SCPA 201 [3]). Contrary to plaintiffs' contention, the fifth cause of action alleged in defendants' petition of October 17, 1988 seeking unpaid salary, compensation and dividends from H & G for services rendered can be granted in Surrogate's Court *(see, Matter of Piccione, supra; Matter of Sklarsky,* 80 Misc 2d 677; *see also, Matter of Gebauer,* 79 Misc 2d 715).

Further, Supreme Court's transfer of the proceedings from Surrogate's Court to Supreme Court constituted an abuse of its discretion in this case where, prior to the final order of Supreme Court, Surrogate's Court had issued (1) the order of discovery pursuant to SCPA 2103, based on the petition filed September 9, 1988, (2) citations on October 18, 1988, based on the petition of October 17, 1988, and (3) an order to show cause on October 28, 1988 returnable November 2, 1988, seeking consent to the transfer of the action pending in Supreme Court to Surrogate's Court. Additionally, it appears that complete relief could only be had in Surrogate's Court under the terms of Supreme Court's transfer order, since that order failed to transfer the fifth cause of action alleged in the petition.

Having reached this conclusion, we find it unnecessary to reach the issue of whether Supreme Court properly issued the

---

* However, the SCPA 2103 discovery petition was not included in the record on appeal and apparently was not before Supreme Court.

order of restraint and to comment on the other arguments made by the parties.

Order reversed, on the law, with costs, plaintiffs' motion denied in all respects, and the action in Supreme Court, Sullivan County, transferred to the Surrogate's Court of Rockland County for consolidation with proceedings pending in that court relating to this matter. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.