■ In the Matter of RAFFAELE LUPOLI, Also Known as RAPHAEL LUPOLI, Deceased. PETER LUPOLI, Respondent; MATTHEW LUPOLI, Appellant. [595 NYS2d 99] —In a proceeding to appoint the petitioner as administrator of an estate, the objectant appeals from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated October 16, 1990, which, after a trial, granted the application.

Ordered that the decree is affirmed, with costs payable by the objectant personally.

The objectant's contention that the court erred in appointing the petitioner as administrator of the estate is without merit. The objectant did not prove that the petitioner was dishonest or improvident (see, SCPA 707 [1] [e]). Furthermore, that the petitioner will be bonded when he serves as administrator protects the estate from any potential conflict of interest which might exist.

That the petitioner may not be a domiciliary of New York State is irrelevant. The objectant claims that SCPA 707 (1) (c)

provides that, except under certain circumstances, only New York domiciliaries may be named as administrators. However, SCPA 707 (1) (c) actually states that *nondomiciliary aliens* may only be issued letters of administration or named as fiduciaries in certain circumstances. Since the petitioner is a United States citizen, the particular State of which he is a domiciliary is of no consequence.

Contrary to the objectant's contention, the court did not err in *sua sponte* setting the case down for trial, since the rules of the Surrogate's Court do not require that a note of issue be filed prior to trial *(see,* 22 NYCRR 207.29 [b]).

We have considered the objectant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.