■ In the Matter of the Estate of MARTIN H. KING, Deceased. NANCY KING, Respondent; A. WILLIAM KING, Appellant. In the Matter of the Estate of VIVIEN KING, Deceased. NANCY KING, Respondent; A. WILLIAM KING, Appellant. [599 NYS2d 295] —In two related proceedings for a compulsory accounting by A. William King with respect to the estate of Martin H. King and for the revocation of letters testamentary issued to A. William King with respect to the estate of Vivien King, A. William King appeals from (1) an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated February 14, 1992, which denied A. William King's motion to dismiss the accounting proceeding as time-barred; and (2) two orders of the same court, both dated January 26, 1993, which granted the petitioner's motion to disqualify the law firm of Morrison, Cohen, Singer & Weinstein as counsel for A. William King in both proceedings.

Ordered that the orders are affirmed, with one bill of costs payable by the appellant personally.

The appellant argues that the petitioner's application for a compulsory accounting with respect to the estate of Martin H. King is barred by the Statute of Limitations. We disagree. There are questions of fact as to whether the appellant is a de facto fiduciary under the will of his deceased father. Assuming, *arguendo,* that the appellant is in fact a fiduciary, we find that he did not establish as a matter of law that he openly repudiated his fiduciary obligations. Thus, he did not establish that the proceeding is time-barred *(see, Matter of Behr,* 191 AD2d 431; *Matter of Sakow,* 146 Misc 2d 672; *Saldi v Saldi,* 32 Misc 2d 516).

Under the circumstances of this case, we find that the Surrogate's Court did not improvidently exercise its discretion in disqualifying the law firm of Morrison, Cohen, Singer & Weinstein from representing the appellant in both proceedings on the basis of an appearance of impropriety *(see, Matter of Hof,* 102 AD2d 591, 595).

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.