■ In the Matter of the Estate of HERMAN LANGFUR, Deceased. Estate of HERMAN LANGFUR, Respondent; BEATRICE KIRSNER, Appellant. [603 NYS2d 576] —In a proceeding, *inter alia,* for a judgment declaring the parties' respective rights under a lease, the landlord, Beatrice Kirsner, appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated March 19, 1993, which granted the petitioner's application for a preliminary injunction pending the hearing and determination of the proceeding.

Ordered that the order is modified, on the law, by deleting from the decretal paragraph the words "for declaratory relief", and substituting therefor the words "for injunctive relief"; as so modified, the order is affirmed, with costs to the petitioner, payable by the appellant personally.

The landlord, Beatrice Kirsner (hereinafter the landlord), served a notice to cure on the Estate of Herman Langfur (hereinafter the tenant). The tenant then commenced the instant proceeding seeking, *inter alia,* a judgment declaring that the tenant was not in default on its commercial real estate lease with the landlord. The tenant sought and obtained a preliminary injunction that enjoined the landlord, pending hearing and determination of the proceeding, from: (1) interfering in any way with the tenant's right to continued use and occupancy of the subject premises, (2) transmitting or otherwise causing to be issued or delivered to, or served upon the tenant any notice of termination of the subject lease, or (3) commencing or maintaining any summary or other legal proceeding against the tenant to recover possession of the subject premises.

The Surrogate's Court has the authority to grant the injunctive relief sought by the tenant in this case. Specifically, SCPA 209 (10) gives the Surrogate's Court all of the powers that the Supreme Court would have in like actions and proceedings. In addition, SCPA 209 (4) specifically empowers the Surrogate's Court to determine a decedent's interest in any property

claimed to constitute a part of his gross estate, and to determine the rights of any persons claiming an interest therein, as against the decedent, or as between themselves, and to construe any instruments made by him affecting such property. Since the Surrogate's Court has already acted, and that court can grant all the relief requested by the tenant without issuing a declaratory judgment, the Surrogate's Court should retain this case, and there is no need to address the issue of whether the Surrogate's Court may also grant a declaratory judgment in this case (see, Matter of Tabler, 55 AD2d 207; Dunham v Dunham, 40 AD2d 912). We therefore delete from the order appealed from the words "for declaratory relief" and substitute therefor the words "for injunctive relief".

There is no merit to the landlord's further claim that the tenant is not entitled to a Yellowstone injunction (see, First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630). As a matter of policy, courts have routinely granted Yellowstone injunctions to avoid forfeitures of tenants' interests, and in doing so, they have accepted far less than the normal showing required for preliminary injunctive relief (see, Post v 120 E. End Ave. Corp., 62 NY2d 19, 25; Heavy Cream v Kurtz, 146 AD2d 672, 673; Lew-Mark Cleaners Corp. v DeMartini, 128 AD2d 758, 759). A tenant seeking Yellowstone relief must demonstrate that (1) it holds a commercial lease, (2) it has received from the landlord a notice of default, a notice to cure, or a threat of termination of the lease, (3) the application for a temporary restraining order was made prior to the termination of the lease, and (4) it has the desire and ability to cure the alleged default by any means short of vacating the premises (see, First Natl. Stores v Yellowstone Shopping Ctr., supra; Pergament Home Ctrs. v Net Realty Holding Trust, 171 AD2d 736, 737; Linmont Realty v Vitocarl, Inc., 147 AD2d 618, 620; Continental Towers Garage Corp. v Contowers Assocs. Ltd. Partnership, 141 AD2d 390, 394). Contrary to the landlord's specific contention, the tenant has demonstrated each of these elements. Unlike the tenants in Pergament Home Ctrs. v Net Realty Holding Trust (supra), and Linmont Realty v Vitocarl, Inc. (supra), the tenant in this case manifested both the desire and the ability to cure the alleged default on several occasions. Particularly, the tenant sent a payment to the landlord representing what the tenant believed to be payment in full, offered to send additional payments after discovering an error in its calculations, and sent figures reflecting the subtenants' rent collected, as requested by the landlord. Under these circumstances, the tenant has demonstrated a good-faith will-

ingness to cure the alleged defaults sufficient to warrant *Yellowstone* relief.

We have considered the landlord's remaining contentions and find them to be without merit. Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.