■ In the Matter of the Estate of MARTIN AARON, Deceased. STEVEN L. AARON et al., Appellants; LILLIAN AARON, Individually and as Executor of MARTIN AARON, Deceased, Respondent.

[648 NYS2d 743] —Casey, J. Appeal from an order of the Surrogate's Court of Ulster County (Lalor, S.), entered January 6, 1995, which denied petitioners' application for, *inter alia*, a compulsory accounting.

The last will and testament giving rise to this matter was executed by decedent on May 3, 1985, approximately six weeks prior to his death. Included therein were two specific bequests: (1) $50,000 was devised to a named legatee who is not a party herein, and (2) a debt owed to decedent by his son, petitioner Steven L. Aaron (hereinafter Aaron), in the amount of $853,000 was forgiven. The balance of the estate was to pass to decedent's wife, respondent herein, who was also named as executor of the estate. On May 5, 1985, decedent executed a letter addressed to and signed by respondent, the stated purpose of which was "to confirm our conversations about the disposition of my properties upon your remarriage or death". The letter set forth decedent's wishes relating to 12 different properties, six of which were to be transferred to Aaron, in whole or in part, upon respondent's remarriage or death.

In 1988, respondent amended the provisions of her own will by eliminating the bequests to Aaron which she had made in keeping with decedent's wishes as expressed in his letter of May 5, 1985. Aaron subsequently commenced an action against respondent in Supreme Court to enforce the terms of decedent's letter as a legally binding contract. Aaron and his company, petitioner F & K Supply Inc., thereafter commenced a second action against respondent as the estate's executor, to collect on claims for goods and services that had allegedly been rendered to decedent.

Respondent subsequently distributed the estate assets without filing an accounting or an inventory. Petitioners then made this application pursuant to SCPA 2205 to compel respondent to render an accounting and to remove her as the executor of decedent's estate. Surrogate's Court denied the petition. Petitioners appeal.

Assuming that petitioners are correct in their claim that they have standing to seek a compulsory accounting under SCPA 2205, the order of Surrogate's Court should be affirmed because of the pending Supreme Court actions. Pursuant to SCPA 102, the provisions of CPLR 3211 (a) (4) are applicable to this proceeding and, therefore, Surrogate's Court had broad jurisdiction to dismiss on the ground of the pending Supreme Court actions (*see, Whitney v Whitney*, 57 NY2d 731). While this proceeding seeks an accounting and the Supreme Court actions seek specific enforcement and damages, dismissal is

nevertheless appropriate if "both suits arise out of the same actionable wrong and * * * there is no good reason why one action should not be sufficient to resolve the disputed issues" (*Hinman, Straub, Pigors & Manning v Broder*, 89 AD2d 278, 280). Inasmuch as this proceeding is based upon the same actionable wrongs as the Supreme Court actions and petitioners can obtain complete relief in their Supreme Court actions, dismissal of this proceeding in Surrogate's Court is appropriate (*see, Matter of Gameways, Inc. v Department of Consumer Affairs*, 101 AD2d 888). In effect, petitioners elected their remedy by pursuing the Supreme Court actions (*see*, SCPA 1810), and they offer no good reason why the Supreme Court actions are not sufficient to resolve the disputed issues. The order should be affirmed.

Mercure, J. P., White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.