■ In the Matter of the Estate of STEVEN A. GREENWOLD, Deceased. LOLA GREENWOLD, Respondent; BEVERLY GREENWOLD et al., Appellants. [653 NYS2d 625] —In an proceeding, *inter alia*, for a determination of the parties' rights under a pension plan, Beverly Greenwold and Richard Aron, executors of the estate of Steven A. Greenwold, appeal (1), as limited by their brief, from so much of an order of the Surrogate's Court, Dutchess County (Bernhard, S.), dated January 12, 1996, as, upon granting their motion to resettle an order of the same court entered December 4, 1995, determined that certain funds on deposit in M&T Bank should be paid to Lola Greenwold, and (2) from a decree of the same court dated March 21, 1996, which directed those funds on deposit in M&T Bank to be paid to Lola Greenwold.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the decree is affirmed; and it is further;

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in the proceeding (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the decree (*see,* CPLR 5501 [a] [1]).

We find that, although Lola Greenwold, the decedent's widow, initiated this matter in the form of an action for a declaratory judgment in the Supreme Court, it was proper for the Supreme Court to transfer it to the Surrogate's Court, in which there was a separate proceeding pending. The issues are relevant to the settlement of the affairs of the decedent, and the Surrogate's Court could grant all the relief requested without issuing a declaratory judgment (*see,* NY Const, art VI, § 12 [d]; SCPA 201 [3]; *Matter of Langfur,* 198 AD2d 355, 356; *Matter of Tabler,* 55 AD2d 207, 210; *Dunham v Dunham,* 40 AD2d 912, 913).

Furthermore, the Surrogate's Court properly held that the surviving spouse was not prohibited from collecting death benefits under the decedent's profit-sharing plan despite the fact that she was married to the decedent for less than one year (*see,* 29 USC 1055 [f]). The decedent's death benefits were payable in full to the surviving spouse upon the death of the decedent. The survivor annuity requirements do not apply because those provisions were intended to apply only where the spouse was to receive the protections of the automatic survivor benefits under the statute (*see generally, Ablamis v Roper,* 937 F2d 1450, 1453; *Davis v College Suppliers Co.,* 813 F Supp 1234, 1236-1237).

The appellants' remaining contentions are without merit. Copertino, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.