■ KENNETH CARMEL, Respondent, v LLOYD SHOR, as Coexecutor of ROBERT CARMEL, Deceased, Defendant, and SUSAN CARMEL, as Coexecutor of ROBERT CARMEL, Deceased, Appellant. (And Five Other Actions.) [672 NYS2d 866] —Orders, Supreme Court, New York County (Charles Ramos, J.), entered October 27, 1997, which denied the motions of coexecutor Susan Carmel to transfer the declaratory judgment actions commenced by Kenneth Carmel to the Surrogate's Court, New York County, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motions granted and the matters transferred to the Surrogate's Court, New York County.

The will of Robert Carmel was admitted to probate by the Surrogate's Court, New York County on July 11, 1996. Susan Carmel, Robert's widow, was appointed a coexecutor. Various provisions of the will authorized the executors to retain, manage, maintain and develop any estate property of any kind and to continue Robert's interest in any property or business that he might own. The executors were specifically authorized to succeed Robert as a member of any partnership or joint venture in which Robert had an interest.

A dispute thereafter arose as to entitlement to distributions from 11 real estate limited partnerships of which Robert had been a general partner at the time of his death. Robert's brother, Kenneth Carmel, asserted a right to succeed Robert as general partner, pursuant to the terms of the various partnership agreements, and asserted a concomitant right to receive the distributions previously payable to Robert. Williams Real Estate Co., Inc. (Williams), the management company for all of the real estate partnerships, withheld the distributions that had been made by six of the partnerships arising from the general partnership interest formerly held by Robert.

Kenneth commenced six companion actions in the Supreme Court against Susan and the other coexecutor, seeking a declaratory judgment that, *inter alia,* as a result of Robert's death and Kenneth's election or succession to the position of general partner in 10 of the various partnerships, Kenneth was entitled to an equal share of the distribution made to general partners, and that the estate had no right to any such distribution.

On the same day, Susan proceeded in Surrogate's Court, seeking a decree that she, as coexecutor, was entitled to receive all of Robert's general partner's share of distributions accruing since his death. A citation was thereafter issued by the Surrogate's Court directing Kenneth and Williams Real Estate to appear regarding the disputed entitlement to receive the distributions from the six real estate partnerships.

Susan then sought relief in the Supreme Court, requesting an order transferring Kenneth's actions to the Surrogate's Court. Her motion was denied. Susan's motion to renew, based upon an advisory opinion of the Surrogate's Court favoring a transfer, was similarly denied.

This appeal is from the initial order denying her motion for transfer of the actions.

We reverse. Although it does not contain mandatory language, CPLR 325 (e) expresses a preference for removal to Surrogate's Court of all matters affecting the administration of a decedent's estate. By statute (SCPA 209 [4]), the Surrogate's Court is empowered to determine a decedent's interest in any property claimed to constitute a part of his gross estate and to determine the rights of any persons claiming an interest therein, as against the decedent.

It is evident that Kenneth's actions, which are asserted against the coexecutors in their capacity as such and which concern the disposition of partnership property in which the estate, as well as various beneficiaries other than Kenneth, has an interest, falls within the jurisdiction of the Surrogate's Court (*see, Birnbaum v Central Trust Co.*, 156 AD2d 309).

Accordingly, Kenneth's actions are most appropriately adjudicated by the Surrogate's Court. The Surrogate's Court can grant all of the relief requested, albeit not necessarily in the form of a declaratory judgment (*see, Matter of Greenwold*, 236 AD2d 400).

Therefore, since Kenneth's actions affect the administration of his brother's estate, pending in the Surrogate's Court, New York County, it was an improvident exercise of discretion for

the motion court to refuse to transfer Kenneth's actions to the Surrogate's Court. Concur—Rosenberger, J. P., Ellerin, Wallach, Williams and Saxe, JJ.