■ In the Matter of the Estate of RAFFAELE LUPOLI, Also Known as RAPHAEL LUPOLI, Deceased. PETER LUPOLI, Respondent-Appellant; MATTHEW LUPOLI, Appellant-Respondent. [714 NYS2d 503] —In a proceeding to settle the intermediate account of the petitioner Peter Lupoli, as Administrator CTA of the estate of Raffaele Lupoli, a/k/a Raphael Lupoli, the objectant, Matthew Lupoli, appeals, as limited by his brief, from stated portions of a decree of the Surrogate's Court, Queens County (Nahman, S.), dated January 27, 1999, which, *inter alia,* settled the intermediary account and directed him to pay the sum of $1,714,322.17 to the estate, and the petitioner cross-appeals, as limited by his brief, from so much of the same decree, as (a), in calculating the damages to be paid to the estate, determined the fair market rental value of certain properties on the basis of the actual rents paid, (b) failed to compute interest from the date each monthly rent became due and payable, and (c) awarded Matthew Lupoli commissions as a de facto fiduciary.

Ordered that the decree is modified, on the law and the facts, by (a) deleting the ninth decretal paragraph thereof, (b) deleting from the fifth decretal paragraph the words "$85,000.00 as legal fees" and substituting therefor the words "$82,000.00 as legal fees", and (c) deleting the eleventh decretal paragraph awarding Matthew Lupoli commissions; as so modified, the decree is affirmed insofar as appealed and cross-appealed from, with costs to Peter Lupoli payable by Matthew Lupoli personally, and the matter is remitted to the Surrogate's Court, Queens County, for a recalculation of the damages to be paid to the estate by Matthew Lupoli in accordance herewith.

The contention of the objectant Matthew Lupoli (hereinafter the objectant) that the Surrogate's Court lacked subject matter jurisdiction is without merit. In a related action in the Supreme Court, Queens County, the petitioner appealed to this Court from an order which, *inter alia,* granted the objectant's cross motion to stay the Supreme Court action pending the resolution of this proceeding. In that appeal, the objectant argued that the Surrogate's Court had concurrent jurisdiction of the

issues raised in this proceeding and should decide those issues. In affirming the Supreme Court order (see, Lupoli v Lupoli, 205 AD2d 595), this Court's decision and order clearly indicated that the Surrogate's Court has the jurisdiction to decide the claims asserted by the petitioner in this proceeding. The objectant cannot now maintain the inconsistent position that the Surrogate's Court lacked subject matter jurisdiction of the issues.

Additionally, on a prior appeal in this proceeding, we rejected as lacking in merit the objectant's contention that the Surrogate's Court had exceeded its authority with respect to directions to the petitioner to pursue certain claims against him (see, Matter of Lupoli, 191 AD2d 564). Those claims are the very ones resolved against the objectant in the instant proceeding, and thus the objectant's current claim that the Surrogate's Court exceeded its authority is barred by res judicata (see, Matter of Field Home-Holy Comforter v DeBuono, 238 AD2d 589).

In a prior decree dated October 16, 1990, the Surrogate's Court directed the petitioner to retain an independent appraiser to determine the fair and reasonable rental value for all property occupied by the objectant from 1979. If no leases were produced, the appraisal was to be made under the presumption that the tenancies were month-to-month. Accordingly, in calculating the damages to be paid to the estate, the Surrogate was bound by law of the case to determine the fair and reasonable rental value of the subject properties where no leases were produced based on the existence of month-to-month tenancies (see, Martin v City of Cohoes, 37 NY2d 162, 165; Matter of Simmons v Board of Educ., 169 AD2d 727; Chase Manhattan Bank v Kress, 131 AD2d 807). We therefore remit the matter to the Surrogate's Court, Queens County, for a recomputation of the damages to be paid to the estate basing the fair and reasonable value of the subject properties where no leases were produced on month-to-month tenancies.

The evidence supports the determination of the Surrogate's Court that the objectant was a de facto fiduciary (see, Matter of Sakow, 219 AD2d 479; Matter of King, 194 AD2d 726; Matter of Behr, 191 AD2d 431). However, commissions are awarded to fiduciaries as compensation for their services in the execution of a trust. In case of gross neglect or unfaithfulness, such commissions may be disallowed (see, Matter of Baker, 249 App Div 265). Here, the objectant's delay in probating the will, his misconduct in failing to account to his siblings when requested to do so, and his use of the rents collected by him, warrants

the denial of payment of commissions to him (see, Stevens v Melcher, 152 NY 551; Matter of Brush, 46 Misc 2d 277).

The award of legal fees has been adjusted to reflect fees for legal services which should have been performed by the estate's attorney.

The parties' remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.