[908 NYS2d 802]

Neil E. Hirschfeld, Respondent, v Ivette De La Cruz, Appellant.

Supreme Court, Appellate Term, First Department, August 9, 2010

APPEARANCES OF COUNSEL

*Ivette De La Cruz*, appellant pro se. *Neil E. Hirschfeld*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Order, entered February 5, 2009, reversed, without costs, and the complaint dismissed without prejudice to an application by plaintiff for legal fees in Surrogate's Court, New York County.

Plaintiff, an attorney, was retained by defendant to perform certain legal work in a proceeding in Surrogate's Court, New York County. During plaintiff's final appearance on the matter, the Surrogate, on the record, directed plaintiff to make an application to the Surrogate if plaintiff wished to recover any additional legal fees from defendant for work plaintiff performed on the Surrogate's Court matter. Rather than comply with this directive (or seek to appeal from or move to vacate it), plaintiff commenced an action in Civil Court to recover legal fees for work he performed in the Surrogate's Court matter. Defendant notified Civil Court of the Surrogate's directive that plaintiff make any application for additional legal fees to Surrogate's Court, but Civil Court nevertheless adjudicated plaintiff's claims, finding that defendant was liable for certain legal fees.

The Surrogate has jurisdiction to "fix and determine" the amount of attorneys' fees for "services rendered [in a Surrogate's Court matter] to a . . . devisee, legatee, distributee or any person interested" in the administration of an estate (SCPA 2110 [1]; *see Leder v Spiegel*, 31 AD3d 266 [2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]), and the Surrogate here acted pursuant to that authority. In light of both the undisturbed Surrogate's Court directive and the reality that the Surrogate is in the best position to determine the amount of compensation to which an attorney is entitled for work performed in Surrogate's Court (*see Matter of Tarka*, 293 AD2d 396 [2002]; *Rosenman & Colin v Winston*, 205 AD2d 451 [1994]), the order on appeal cannot stand. Nor should we sanction plaintiff's course of action, since to do so would encourage forum shopping and obstruct the orderly administration of justice (*see Matter of Tabler*, 55 AD2d 207, 210 [1976]). Thus, we reverse and dismiss the complaint

without prejudice to an application before Surrogate's Court, New York County, for the legal fees sought herein.

McKeon, P.J., and Hunter, Jr., J., concur.