*619 OPINION OF THE COURT
Lee L. Holzman, J.
The respondent in a compulsory accounting proceeding, who consented to the entry of a 45-day order to account (see Matter of Djeljaj, NYLJ, July 18, 2011 at 18, col 6 [2011]), now moves to dismiss the objections interposed to his informal accounting by the administrator, a daughter of the decedent. The letters of administration issued to the daughter are limited to the discovery of estate assets (see Matter of Djeljaj, NYLJ, Mar. 9, 2011 at 18, col 5 [2011]). The administrator, whose objections request an examination of the books and records of Rabine Realty before interposing other objections, opposes the motion.
The decedent died on November 23, 1996 while sojourning in Montenegro. The decedent’s distributees are a surviving spouse and nine children, one of whom is an infant, and one of whom is an adult under a disability. The informal accounting furnished by the movant, an attorney, consists of ledger sheets reporting transactions involving the decedent’s funds after the date of the decedent’s death in 1996 through June 1, 2012. These ledger sheets report, inter alia, the following: (1) as of December 31, 1996 the decedent had $405,364.84 in loans serviced by Rabine Realty, and a cash balance of $68,713.13; (2) the sum of $772,885 was distributed in unequal amounts to the decedent’s distributees from January 1997 through June 1, 2012; (3) the investments that were made after the decedent’s death and the dates the balance on each loan was paid in full; and (4) as of June 1, 2012, there were loan investments totaling $184,309.12 and cash of $319,084.77.
The movant asserts that because he never acted as the decedent’s attorney-in-fact and he is not a fiduciary of the estate, he erred when he agreed to account as: (1) only an attorney-in-fact is required to account under General Obligations Law § 5-1510, the statute relied on by the administrator in seeking the compulsory accounting; (2) the accounting provisions contained in SCPA article 22, including SCPA 2211, are applicable only to fiduciaries of an estate; and (3) as a result of the foregoing, he erred in consenting to the July 11, 2011 order which directed him to file an account reflecting all transactions involving the decedent’s funds after the date of the decedent’s death, with a petition for its judicial settlement, and to appear before the court as necessary for judicial settlement of his account. The movant notes that, nonetheless, he honored his agreement to account and his informal accounting contains suf *620 ficiently detailed information about the decedent’s investments with Rabine Realty to fulfill his obligation to account under General Obligations Law § 5-1510 if he were the decedent’s attorney-in-fact. The movant also contends that the administrator has no right to examine him or other documents prior to filing specific objections to the account and that the objections must be dismissed because that is the only relief requested in the objections.
The administrator does not object to the informal nature of the accounting provided; instead, she opposes the motion arguing that the movant agreed to account, and implicit in providing any accounting is the right of an interested party to examine the underlying documents upon which the accounting is based.
Although the movant correctly notes that General Obligations Law § 5-1510 governs attorney-in-fact accounting proceedings, he is incorrect in contending that, because he was neither the decedent’s attorney-in-fact nor a duly appointed fiduciary of the decedent’s estate, he may not be compelled to account to the beneficiaries of the decedent’s estate. Although not every agency relationship entails a duty to account, an agent who receives money or other things on behalf of a principal has a duty to keep and render to the principal an account for such transactions (Annotation, Availability of Equitable Remedy of Accounting Between Principal and Agent, 3 ALR2d 1310, § 5). Under the common law, even though an agent is not a trustee in the technical meaning of the word, where a court finds that the transactions are complicated, a fiduciary or trust relation exists, and there is a need for discovery, a court has the equitable power to compel an accounting by the agent (see Marvin v Brooks, 94 NY 71 [1883]; Talmudic Literature Publs., Inc. v Lewin, 226 App Div 1 [1929]). With regard to surrogate’s court practice, it is well settled that those persons who undertake duties and responsibilities ordinarily performed by a fiduciary, even though they are not a court appointed fiduciary, may be classified as the de facto fiduciary of an estate or trust, and in that capacity, compelled to account to the beneficiaries of an estate or trust (see Matter of Sakow, 219 AD2d 479 [1995], affg in part and modfg in part on other grounds 160 Misc 2d 703 [1994], citing Matter of King, 194 AD2d 726 [1993]; Matter of Behr, 191 AD2d 431 [1993]; see also Matter of Donner, 82 NY2d 574 [1993]; Matter of Buxton, 1 Misc 3d 903[A], 2003 NY Slip Op 51492[U] [2003]).
Here, it is clear that the movant and Rabine Realty, an entity that the movant controlled, acted as the de facto fiduciary of the *621 decedent’s estate with regard to the real estate loan transactions and investments for which the informal accounting was rendered. Specifically, the movant’s informal accounting indicates that Rabine Realty continued to invest in real estate loans with the decedent’s funds after his death, and during that period, made distributions to the decedent’s distributees, albeit apparently not always in accord with the provisions of EPTL 4-1.1. Thus, the movant was performing two of the primary functions of a de jure executor or administrator, i.e., investing the decedent’s funds and making distributions to the beneficiaries of his estate. Accordingly, and even without the movant’s consent to account, the court clearly had authority to enter its July 11, 2011 order directing the movant to formally account. Moreover, under the facts now known to the court, the administrator’s willingness to accept the informal account provided by the movant, instead of the formal accounting as ordered by the court, cannot be accepted by the court. The administrator’s authority herein is limited to the discovery of estate assets, and the transactions at issue go well beyond the scope of her authority, as the movant made substantial distributions to the decedent’s surviving spouse and children, two of whom are under a disability, and the distributions to each child appear to be unequal. Under these circumstances, the movant, as the de facto administrator of this estate with regard to the real estate loan transactions and the distributions of the proceeds therefrom, must file a formal accounting (see SCPA 2205 [2]).
Accordingly, this decision constitutes the order of the court: (1) granting the motion to the limited extent that the objections to the informal account are dismissed as academic, as the informal accounting is not in compliance with this court’s July 11, 2011 order to file a formal account and a petition for its judicial settlement; and (2) directing the movant to file a formal account and a petition for its judicial settlement by February 28, 2013, and thereafter expeditiously obtain jurisdiction over all necessary parties pursuant to SCPA 2210.