Matter of McNeil v McNeil (2022 NY Slip Op 02173)





Matter of McNeil v McNeil


2022 NY Slip Op 02173


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

532640

[*1]In the Matter of Michael J. McNeil, Respondent,
v
Susan B. McNeil, Appellant.

Calendar Date:February 17, 2022

Before: Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.


Hinman, Howard & Katell, LLP, Binghamton (Daniel R. Norton of counsel), for appellant.



Garry, P.J.
Appeal from an order of the Supreme Court (McBride, J.), entered December 7, 2020 in Tompkins County which, in a proceeding pursuant to General Obligations Law § 5-1510, among other things, denied respondent's motion to transfer the proceeding to Surrogate's Court.
Petitioner, respondent and Phillip McNeil are children of Richard J. McNeil (hereinafter decedent). Respondent is the executor of decedent's estate and held power of attorney for him prior to his death. After decedent's death, petitioner became concerned that respondent had breached her fiduciary duty through the power of attorney by self-dealing while managing decedent's finances. Petitioner commenced a special proceeding in Surrogate's Court, seeking an order directing respondent to provide records regarding decedent's finances prior to his death, temporarily prohibiting respondent from acting in a fiduciary capacity on behalf of decedent's estate, directing respondent and Phillip McNeil to hold in trust any property received from or belonging to the estate, as well as property received from decedent prior to his death, and issuing limited letters authorizing petitioner to obtain financial records of decedent and his estate and to commence a proceeding to recover estate assets, if deemed necessary. Surrogate's Court, among other things, denied without prejudice the application for financial records and granted the application for an order requiring that certain estate property be held in trust pending further order of the court. The court denied petitioner's other requested relief. There is no indication in the record that this proceeding was ever terminated. Petitioner thereafter commenced the instant special proceeding in Supreme Court, seeking an accounting of certain transactions regarding decedent's finances prior to his death, damages for any breach of fiduciary duty by respondent and a stay preventing the sale of certain real property within decedent's estate. Respondent moved to transfer the matter to Surrogate's Court, and Supreme Court, among other things, denied respondent's motion. Respondent appeals.
"Supreme Court and . . . Surrogate's Court have concurrent jurisdiction in matters involving decedents' estates" (Dunham v Dunham, 40 AD2d 912, 913 [1972] [citations omitted]; see NY Const art VI, § 12 [d], [f]; Matter of Gopaul v New York City Employees' Retirement Sys., 122 AD3d 848, 848 [2014]). Generally, where courts share concurrent jurisdiction, "it should continue to be exercised by that one whose process was first issued. Moreover, wherever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in . . . Surrogate's Court" (Burmax Co. v B & S Indus., 135 AD2d 599, 601 [1987] [internal quotation marks, brackets and citations omitted]; see Goodwin v Rice, 79 AD3d 699, 699-700 [2010]; H & G Operating Corp. v Linden, 151 AD2d 898, 900 [1989]). Supreme Court's denial of a motion to transfer to Surrogate's Court [*2]will not be disturbed absent an abuse of discretion (see H & G Operating Corp. v Linden, 151 AD2d at 901).
Contrary to petitioner's argument, Surrogate's Court can exercise jurisdiction over proceedings brought pursuant to General Obligations Law § 5-1510 and is empowered to accord the relief sought (see e.g. Matter of Djeljaj, 38 Misc 3d 618, 619-620 [Sur Ct, Bronx County 2012]; see also SCPA 209 [10]; Matter of Priestly, 54 Misc 3d 1220[A], 2017 NY Slip Op 50251[U], *2 [Sur Ct, Westchester County 2017]; Matter of the Estate of Barrett, NYLJ, July 24, 2015 at 22, col 6 [Sur Ct, NY County 2015]). This conclusion is underscored by petitioner's application in the earlier Surrogate's Court proceeding for substantially identical relief to that now sought in the instant proceeding; only after the application in that court was not immediately granted was the jurisdiction of Surrogate's Court challenged. Allowing both courts to address the issue "would result in duplicity of proceedings with the attendant increase in litigation, expense and confusion[,] would be an open invitation to forum shopping by the bar and would obstruct the orderly administration of justice" (Matter of Tabler, 55 AD2d 207, 210 [1976]; see Hirschfeld v De La Cruz, 29 Misc 3d 23, 24 [App Term, 1st Dept 2010]). We are thus not persuaded to interpret General Obligations Law § 5-1510 as curtailing the constitutionally-based jurisdiction of Surrogate's Court over all proceedings relating to the affairs of decedents (see NY Const, art VI, § 12 [d], [e]; Matter of Piccione, 57 NY2d 278, 290-291 [1982]).
Petitioner challenges the propriety of transactions allegedly made in breach of respondent's fiduciary duty to decedent while decedent was alive, involving assets that would have become part of decedent's estate. This matter falls squarely within the purview of Surrogate's Court (see Nichols v Kruger, 113 AD2d 878, 878 [1985]). Since "all the relief requested may be obtained in . . . Surrogate's Court and . . . Surrogate's Court has already acted," we find that Supreme Court should have granted respondent's motion seeking to transfer the proceeding (Dunham v Dunham, 40 AD2d at 913; see Matter of Greenwold, 236 AD2d 400, 401 [1997]; Coccellato v Coccellato, 168 AD2d 872, 872 [1990]; Burmax Co. v B & S Indus., 135 AD2d at 601-602).
Lynch, Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the order is modified, on the law, with costs to respondent, by reversing so much thereof as denied respondent's motion to transfer the proceeding to the Surrogate's Court of Tompkins County, and, as so modified, affirmed.