Matter of Ryan (2023 NY Slip Op 00011)

Matter of Ryan

2023 NY Slip Op 00011

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

533979
[*1]In the Matter of the Estate of Michael Kevin Ryan, Deceased. Geraldine A. Whitney, as Executor of the Estate of Terry L. Whitney, Deceased, Appellant; Frank Headley, as Administrator of the Estate of Michael Kevin Ryan, Deceased, Respondent. (And Another Related Proceeding.)

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Jeremiah F. Manning, Delmar, for appellant.
Shevy Law Firm, LLC, Albany (Patricia J. Shevy of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Surrogate's Court of Albany County (Stacy L. Pettit, S.), entered August 9, 2021, which, among other things, in a proceeding pursuant to SCPA 1809, denied petitioner's motion for summary judgment determining the validity of the claim against decedent's estate.
In 1993, Michael Kevin Ryan and Terry L. Whitney formed a two-person partnership known as Whitney and Ryan General Contracting. After Ryan died intestate in 2019, Whitney filed a verified claim against his estate, alleging that Ryan had made unauthorized payments and withdrawals from partnership accounts totaling $87,000 in order to build a residence for himself and his wife. Surrogate's Court appointed respondent, Ryan's father-in-law, as administrator of Ryan's estate. Upon learning that the estate had listed the residence for sale, Whitney filed a petition for an intermediate compulsory accounting pursuant to SCPA 2205, alleging that Ryan had committed fraudulent conversion and requesting that the sale be prohibited or, in the alternative, that any sale proceeds be held in escrow. The court sua sponte converted Whitney's SCPA 2205 petition to one pursuant to SCPA 1809 to determine the validity of his claim against the estate. Whitney then died, and petitioner, his widow, was appointed executor of his estate. Respondent eventually filed an accounting for Ryan's estate, a proceeding that is still pending in Surrogate's Court.
Petitioner thereafter commenced an action in Supreme Court against respondent, Ryan's wife and Ryan's estate, alleging, among other things, fraudulent conversion, conspiracy and unjust enrichment, and seeking $590,000 in damages. Subsequently, petitioner moved for summary judgment in the SCPA 1809 proceeding, attaching an amended claim for $590,000, and respondent opposed the motion. Without ruling on the merits, Surrogate's Court denied the summary judgment motion and sua sponte dismissed the SCPA 1809 proceeding on the ground that the same essential claims had been asserted in the pending Supreme Court action and should properly be resolved there. The court additionally noted that, should it be determined in the Supreme Court action that petitioner is a creditor of the estate, then petitioner has the option to return to Surrogate's Court for a determination of the amount owed to her in the accounting proceeding. The court also stayed the accounting proceeding. Petitioner appeals, and we affirm.
It is well settled that "Supreme Court and Surrogate's Court have concurrent jurisdiction in matters involving decedents' estates" (McNeil v McNeil, 205 AD3d 43, 45 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]; see NY Const, art VI, § 12 [d]; SCPA 201). Generally, where a dispute is brought in both courts, jurisdiction "should continue to be exercised by [the court] whose process was first issued" (McNeil v McNeil, 205 AD3d at 45 [internal quotation marks and citation omitted]; see Zeglen v Zeglen, 150 AD2d 924, 925[*2][3d Dept 1989]). However, it is also true that jurisdiction should continue where "all rights can be properly determined in a single action" (Wood v Chenango County Natl. Bank & Trust Co., 282 App Div 283, 286 [3d Dept 1953] [internal quotation marks and citations omitted]). Although Surrogate's Court has broad jurisdiction over the affairs of decedents, such "jurisdiction does not extend to independent matters involving controversies between living persons" (Matter of O'Connell, 98 AD3d 673, 674 [2d Dept 2012] [internal quotation marks and citations omitted]).
We find that Surrogate's Court providently exercised its discretion in dismissing the SCPA 1809 proceeding due to the pending Supreme Court action (see Matter of Aaron, 232 AD2d 758, 759 [3d Dept 1996]; see also SCPA 102; CPLR 3211 [a] [4]). The proceeding in Surrogate's Court involved a determination of the validity of petitioner's claim against Ryan's estate for Ryan's alleged embezzlement of partnership assets. While the Supreme Court action involved claims against living persons — respondent and Ryan's wife — it also set forth causes of action against Ryan's estate based upon his alleged taking of partnership assets for personal use. Notably, the same amount of damages was sought in both matters. "Inasmuch as [the SCPA 1809] proceeding is based upon the same actionable wrongs as the Supreme Court action[] and petitioner[] can obtain complete relief in [the] Supreme Court action[], dismissal of [the] proceeding in Surrogate's Court is appropriate" (Matter of Aaron, 232 AD2d at 760 [citation omitted]). Given this holding, petitioner's remaining argument concerning the merits of her summary judgment motion has been rendered academic.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.