Matter of P. & E. T. Found. (Blair) (2026 NY Slip Op 00754)

Matter of P. & E. T. Found. (Blair)

2026 NY Slip Op 00754

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

1002 CA 24-01909

[*1]IN THE MATTER OF THE P. & E. T. FOUNDATION. JOHN N. BLAIR, ESQ., PETITIONER-APPELLANT; CYNTHIA T. DOYLE, ROBERT M. DOYLE, MOLLIE T. BYRNES, JOHN H. BYRNES, PETER BYRNES, MOLLIE DOYLE, DONNA OWENS, JAMES WEISS, AND DAVID WELBOURN, RESPONDENTS-RESPONDENTS. 

RICHARD T. SULLIVAN PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR PETITIONER-APPELLANT.
PILLSBURY WINTHROP SHAW PITTMAN LLP, NEW YORK CITY (DAVID G. KEYKO OF COUNSEL), AND BARCLAY DAMON LLP, BUFFALO, FOR RESPONDENTS-RESPONDENTS.

 Appeal from an order of the Surrogate's Court, Erie County (Acea M. Mosey, S.), entered November 1, 2024. The order, among other things, denied petitioner's motion seeking an order declaring that the parties had entered a final and binding settlement contract. 
It is hereby ORDERED that the order so appealed from is unanimously vacated on the law without costs.
Memorandum: This appeal arises from a petition and amended petition pursuant to, inter alia, SCPA 1420 seeking construction of certain trust documents related to the P. & E. T. Foundation (Foundation), a charitable trust, as well as a subsequent petition pursuant to SCPA 2102 (6) and 2107 (2) seeking, inter alia, to enjoin Cynthia T. Doyle, Robert M. Doyle, Mollie T. Byrnes, John H. Byrnes, Peter Byrnes, Mollie Doyle, Donna Owens, James Weiss, and David Welbourn (collectively, respondents) from removing petitioner as attorney trustee for the Foundation. Following the latter of those petitions, the parties engaged in mediation. In October 2022, respondents provided petitioner with two "global settlement proposals" designed to address all of the parties' outstanding issues and "completely remove[ ] [petitioner] and his family members from any involvement with the Tower entities and family." Although petitioner purportedly accepted one of those settlement proposals, a dispute arose as to whether the proposal had been withdrawn prior to its acceptance. Following that dispute, mediation continued. In April 2023, the parties signed a "Mediator Settlement Proposal Final," a second global settlement proposal that addressed many of the same concerns as the October 2022 proposals with additional and amended terms. A dispute arose, however, as to whether a signature from the Office of the Attorney General was required before the April 2023 proposal became binding.
Petitioner thereafter moved by order to show cause seeking, inter alia, an order "[d]eclaring that the terms recited in that certain [April 2023 proposal] . . . constitute a final and binding settlement contract," or, in the alternative, "declaring that the 'first proposal' in that certain [October 2022 proposal] . . . accepted by [p]etitioner . . . constitutes a final and binding settlement contract." Surrogate's Court effectively denied the motion and determined that neither proposal was enforceable. Petitioner appeals. We vacate the order on the ground that the Surrogate lacked the authority to entertain the relief requested by petitioner's order to show cause (see generally Matter of Allen v Fiedler, 96 AD3d 1682, 1682 [4th Dept 2012], lv denied 19 NY3d 815 [2012]; Matter of Byrnes v County of Monroe, 122 AD2d 549, 549 [4th Dept 1986]).
CPLR 3001 vests the authority to grant declaratory relief in Supreme Court. Thus, [*2]"[u]nless there is some other provision conferring declaratory jurisdiction on the particular court . . . the court will not have it" (Patrick M. Conners, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C3001:20; see generally Kimmel v State of New York, 29 NY3d 386, 393 [2017]; Byrnes, 122 AD2d at 550; Wikarski v State of New York, 91 AD2d 1174, 1174 [4th Dept 1983]). Even where the subject matter of a particular case falls within the subject matter generally heard by a court of limited jurisdiction, requests for declaratory relief must, nevertheless, typically be heard in Supreme Court (see North Waterside Redevelopment Co. v Febbraro, 256 AD2d 261, 262 [1st Dept 1998], lv dismissed 93 NY2d 888 [1999]).
That being said, so long as Surrogate's Court possesses jurisdiction over a particular matter, the Surrogate "[i]n the exercise of [their] jurisdiction . . . shall have all of the powers that the supreme court would have in like actions and proceedings" (SCPA 209 [10]). The statute, for example, expressly grants the Surrogate the power to "determine" certain things regarding, inter alia, estate property and trusts (SCPA 209 [4], [6], [10]). Thus, courts have concluded that, although not necessarily in the form of a declaratory judgment, the Surrogate has the authority to make determinations as to the rights to or ownership of estate or trust property (see Matter of Mastroianni, 105 AD3d 1136, 1137-1138 [3d Dept 2013]; Carmel v Shor, 250 AD2d 475, 476 [1st Dept 1998]; Matter of Greenwold, 236 AD2d 400, 401 [2d Dept 1997]; Matter of Langfur, 198 AD2d 355, 355-356 [2d Dept 1993]).
Without deciding the precise extent or scope of the Surrogate's authority to entertain requests for declaratory or quasi-declaratory relief, we conclude that the Surrogate lacked such authority under the circumstances of this case. Both the October 2022 and April 2023 proposals underlying petitioner's request for declaratory relief represented attempts at a global settlement resolving a myriad of issues that had arisen between the parties and their families, much of which extended beyond the relief contemplated by the petitions before the Surrogate. The October 2022 and April 2023 proposals had terms regarding, inter alia, payment of attorney fees, payments owed to petitioner, payments petitioner would waive, claims pending against petitioner in other actions, releases from personal liability, health insurance for petitioner, and certain things that the parties agreed to do post-settlement. Both proposals explicitly referenced a separate action pending in federal court, stating that the federal action would be dismissed against petitioner and another individual who was not a party to this proceeding.
Even assuming, arguendo, that the Surrogate possessed authority to make declarations or determinations related to certain aspects of the October 2022 or April 2023 proposals, we conclude that substantive portions of those proposals involved disputes that were not properly before the Surrogate and thus the requested relief, i.e., a declaration that either of the proposals were binding, must be sought in an action in the Supreme Court (see generally Matter of Trump, 68 Misc 3d 593, 595 [Sur Ct, Queens County 2020]). Indeed, as noted, both the October 2022 and April 2023 proposals, among other things, effectively settled a separate action over which the Surrogate lacked jurisdiction. Because the matters outside of the Surrogate's jurisdiction were inextricably intertwined with the other terms of the proposals, we conclude that the Surrogate lacked the authority to grant declaratory relief or otherwise determine the validity or enforceability of either the October 2022 or April 2023 proposals (see Matter of Berkowitz, 2016 NY Slip Op 30164[U] *4 [Sur Ct, NY County 2016]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court