■ RITA COFFEY, as Administratrix of the Estate of JANEEN COFFEY, Deceased, Respondent-Appellant, v JAMES M. CALLICHIO, Appellant-Respondent, and ROBERT L. THALL, Doing Business as THALL SHELL SERVICE STATION, et al., Respondents.—In an action to recover damages for wrongful death and conscious pain and suffering, the defendant James M. Callichio appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Molloy, J.), dated June 23, 1986, as, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $335,000 ($35,000 representing damages for conscious pain and suffering and $300,000 representing damages for wrongful death), and the plaintiff cross-appeals from so much of the same judgment, as, upon a jury verdict, is in favor of the defendants Robert L. Thall, doing business as Thall Shell Service Station, and Wayne Puccio and against her.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff to $35,000, representing damages for conscious pain and suffering and adding thereto a provision severing the plaintiff's claim for damages for wrongful death and granting a new trial with respect to damages for wrongful death unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation signed by the plaintiff consenting to decrease the award of damages for wrongful death from the principal sum of $300,000 to the principal sum of $100,000, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements. The plaintiff's time to serve and file a stipulation is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry. In the event the plaintiff so stipulates, then the judgment in her favor, as so reduced and amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On the evening of June 15, 1980, at approximately 11:00 P.M., the plaintiff's deceased, Janeen Coffey, then 16 years old,

was in an automobile collision. Coffey was the passenger in a Volkswagen automobile, which was being operated by Daniel Duffy (not a party to this action). The Duffy vehicle was struck in the rear by a vehicle being driven by the defendant James Callichio. The decedent was partially ejected through the rear window of the Duffy vehicle and as a result thereof, she suffered serious head injuries, which caused her to subsequently lapse into a coma; she died three days after the accident.

Prior to the accident, on April 26, 1980, the Callichio vehicle, a 1969 Camaro, had been inspected by the defendant Wayne Puccio, in his capacity as a mechanic at the service station owned by the defendant Robert L. Thall, doing business as Thall Shell Service Station. The plaintiff's claim against these defendants was based upon the allegation that the inspection was improperly done.

Upon the defendant Callichio's appeal, he only challenges the amount of damages awarded to the plaintiff. With respect to the jury's determination of damages for conscious pain and suffering, we find that the jury could have reasonably inferred from the evidence that the plaintiff's decedent was conscious and suffered extensively for a period of about 15 to 20 minutes before she lapsed into a coma. In light of the severity of her injuries, including a crushed skull, it cannot be said that the award of $35,000 was excessive (see, *Juiditta v Bethlehem Steel Corp.*, 75 AD2d 126, 138).

However, we do agree with the defendant Callichio that the jury's finding of $300,000 for damages for wrongful death was clearly excessive. In view of the evidence that the decedent was a 16-year-old student, who did not contribute monetarily to her parents' household, the verdict on the issue of damages for wrongful death should be reduced to $100,000 (see, *Regan v Long Is. R. R. Co.*, 128 AD2d 511; *Brookman v Public Serv. Tire Corp.*, 86 AD2d 591).

With respect to the plaintiff's cross appeal, we find no basis for disturbing the jury's verdict in favor of the defendants Thall and Puccio (see, *Nicastro v Park*, 113 AD2d 129, 134). The jury could have reasonably concluded that the defendant Puccio did not negligently inspect the Callichio vehicle. Further, the trial court's charge as to the standard of conduct by which the actions of the defendants Puccio and Thall were to be evaluated was proper (see, *Purcell v Doherty*, 55 NY2d 985, *rearg denied* 56 NY2d 805; *cf., Cumbo v Valente*, 118 AD2d 679). Nor did the trial court err by precluding the plaintiff's

counsel from questioning his expert witness with regard to certain skid marks located at the accident. The plaintiff's expert was not qualified to testify with regard to accident reconstruction and additionally, there was no proof that the skid marks were made by any of the vehicles involved in the collision. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.