■ IOSIF KOGAN, Individually and as Administrator of the Estate of ROBERT KOGAN, Deceased, Respondent, v CURT J. DREIFUSS, as Executor of RICHARD L. DREIFUSS, Deceased, Appellant.—In a medical malpractice action to recover dam-

ages for wrongful death and conscious pain and suffering, the defendant appeals from (1) an order of the Supreme Court, Queens County (Joy, J.), dated September 11, 1989, which denied his motion to set aside a jury verdict, and (2) a judgment of the same court, entered November 15, 1989, which, upon the jury verdict, is in favor of the plaintiff and against him in the principal sum of $1,126,000 ($76,000 representing damages for wrongful death and $1,050,000 representing damages for conscious pain and suffering).

Ordered that the appeal from the order is dismissed, without costs or disbursements, and it is further,

Ordered that the judgment is modified, on the facts and as a matter of discretion, by reducing the principal sum award to the plaintiffs to $76,000, representing damages for wrongful death, and adding thereto a provision severing the plaintiff's claim for damages for conscious pain and suffering and granting a new trial with respect to damages for conscious pain and suffering unless the plaintiff serves and files in the office of the Clerk of the Supreme Court, Queens County, a written stipulation signed by the plaintiff consenting to decrease the award of damages for conscious pain and suffering from the principal sum of $1,050,000 to the principal sum of $350,000, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event the plaintiff so stipulates, then the judgment in his favor, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In December 1983 the plaintiff's son, who was then nearly three years old, became very ill. The plaintiff and his wife immediately and repeatedly notified the defendant's decedent, a pediatrician, who, roughly four days after the child first became ill, eventually directed the plaintiff and his wife to bring the child to his office. Upon examining the child, the defendant's decedent diagnosed the child as having an upper

respiratory infection and prescribed antibiotics and cough medicine. The child did not improve and the plaintiff and his wife repeatedly contacted the defendant's decedent informing him that their son was running a high fever, could not move his neck, had no appetite and was in a very weakened condition. Subsequently, on December 22, 1983, at 2:00 A.M., 11 days after the child had taken ill, the plaintiff and his wife contacted the defendant's decedent, once again, at his home and requested his help, explaining that their son was now running a much higher fever and was in such a weakened condition that he could barely move or lift his head. The defendant's decedent merely instructed the parents not to panic and to bring the child to his office the following afternoon. Several times that same morning the parents contacted the defendant's decedent, in a rather hysterical state, explaining that their son had turned blue and pleading with the defendant's decedent to come to their home to examine the child. Eventually, the defendant's decedent agreed to make a housecall and he arrived at their home at approximately 12:45 P.M. on December 22, 1983.

The defendant's decedent testified at the trial that upon seeing the child and observing his condition he knew the boy would be dead in a few hours. The defendant's decedent made arrangements with a hospital to admit the boy but he did not accompany the child to the emergency room. Instead the defendant's decedent went to his home and prepared admission forms. The child died during the early morning hours of December 24, 1983, after lapsing into a coma. The defendant's decedent admitted at trial that after the boy died he corrected the hospital records so as to comport with his original diagnosis of the child's condition.

At trial, the plaintiff produced a medical expert who testified that the defendant's decedent departed from acceptable standards of medical care when, upon receiving the 2:00 A.M. call on December 22, 1983, he refused to make a housecall or direct the parents to bring their son to a hospital. The expert based his conclusion on the fact that the defendant's decedent had been fully aware of the course of the child's illness which spanned, at that time, an 11-day period.

The defendant contends that the jury's verdict which found that his decedent departed from acceptable standards of medical care was against the weight of the evidence. We disagree. There was ample evidence contained in the record to enable the jury to reach its conclusion that the defendant's decedent's

inaction in this situation constituted such a departure *(see, Nicastro v Park,* 113 AD2d 129, 135).

Nor do we agree that the plaintiff's cause of action to recover damages for conscious pain and suffering should have been dismissed. The plaintiff's medical expert testified that, had the decedent child received appropriate medical care after the 2:00 A.M. telephone call, his condition would have improved and he would have lived. Also contained in the record is a description of the events which occurred after the 2:00 A.M. telephone call and how the child's condition deteriorated, and how he eventually lapsed into a coma. Given the record before us, there was ample evidence presented to the jury to enable it to render an award for the child's conscious pain and suffering, which occurred between the 2:00 A.M. telephone call and the time he lapsed into a coma, and which amounted to some 50 hours *(cf., Schneider v Kings Highway Hosp. Center,* 67 NY2d 743).

However, with respect to the jury's determination of damages for conscious pain and suffering, we find that the award was excessive in that it deviates materially from what would be reasonable compensation. Accordingly, the verdict on the issue of damages for conscious pain and suffering should be reduced to $350,000 *(see, Knight v Long Is. Coll. Hosp.,* 106 AD2d 371). The award of $76,000, for damages relating to the child's wrongful death, however, was not excessive *(see, Coffey v Callichio,* 136 AD2d 673). Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.