■ LEONARD P. CUMMINS, as Successor Administrator of the Estate of KAREN A. CUMMINS, Deceased, Appellant-Respondent, v COUNTY OF ONONDAGA, Respondent-Appellant, et al., Defendant. (Appeal No. 1.) [605 NYS2d 694] —Judgment affirmed without costs. Memorandum: Supreme Court was correct in granting defendant County of Onondaga's motion to set aside the verdict awarding damages for conscious pain and suffering. There was no evidence presented by plaintiff at trial from which the jury could infer that decedent was conscious after her car spun off the shoulder of the road, turned over as it dropped down a steep embankment, and came to rest in a pond of water adjacent to the road. The medical examiner testified that decedent died as a result of drowning and hypothermia. He noted that decedent had sustained a bruise on her scalp and, when asked on direct examination whether decedent was conscious when she was immersed in the water, the doctor replied, "I can't say." He concluded that she was alive while in the water because of the existence of small hemorrhages in the lining of her stomach. When asked again if he could tell from examining the body whether decedent was conscious, the medical examiner testified, "No, I cannot. I cannot prove or disprove that" and later testified that his findings were just as consistent with consciousness as they were with unconsciousness. Finally, he was asked on cross-examination whether there was any way to tell from the bruise whether decedent was conscious when she entered the

water, and he replied that there was not. That testimony was not sufficient to support an inference of consciousness. In order to recover damages for conscious pain and suffering, there must be some proof of consciousness following the injury *(Fiederlein v New York City Health & Hosps. Corp.,* 56 NY2d 573, 574; *Huertas v State of New York,* 84 AD2d 650, 651; *Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 138; *Blunt v Zinni,* 32 AD2d 882, 883). While circumstantial evidence of consciousness can suffice *(see, Gonzalez v New York City Hous. Auth.,* 77 NY2d 663; *Coffey v Callichio,* 136 AD2d 673), there still must be some direct evidence of consciousness. Even if we were to assume that decedent was conscious when she entered the water, there is no proof indicating how long she remained conscious and to what extent she endured pain and suffering. Thus, there was no basis for the jury's verdict of $400,000 for conscious pain and suffering.

The dissent relies on the Third Department case of *Stein v Lebowitz-Pine View Hotel* (111 AD2d 572, *lv denied* 65 NY2d 611) and writes that this case is consistent with the "presumption of continuance" rule, which tells us that "[p]roof of the existence of * * * a condition * * * at a given time raises a presumption that it continued for as long as is usual with things of that nature" (Richardson, Evidence § 74 [Prince 10th ed]). In *Stein (supra),* decedent was found dead in a swimming pool. The coroner listed the cause of death on the death certificate as drowning with " 'probably acute myocardial infarction' " shown as a contributing factor *(supra,* at 572). The court upheld the award for conscious pain and suffering despite defendant's argument that plaintiff had failed to establish that decedent was conscious after striking his head before falling into the pool. In that case, the contention that plaintiff's decedent struck his head before entering the swimming pool was not supported by the evidence. The evidence indicated that decedent was last seen alive swimming in the pool. To the extent that case holds that an absence of proof with respect to unconsciousness is sufficient to infer consciousness, we decline to follow it. Applying to this case the rationale in *Stein (supra)* as well as a presumption of continuance would impermissibly shift the burden of proof to defendant to prove unconsciousness. A presumption of continuance is not applicable to the facts of this case. Proof of the existence of a condition at a given time raises a presumption that it can continue for as long as is usual with things of that nature (Richardson, Evidence, *op cit.,* § 74). Here, it cannot be said

that it would be usual for a driver of a car to remain conscious after the car had spun off the shoulder of the road and had turned over while dropping down an embankment, especially where the medical examiner could not say, in view of the bruises he found on the scalp of the body, whether decedent was conscious before the car entered the water.

Plaintiff further argues that the award for damages could have been predicated upon pre-impact terror *(see, Anderson v Rowe,* 73 AD2d 1030, 1031). The jury was instructed to compensate only for any pain and suffering that they found was actually endured by decedent from the moment of entering the water to the moment of death. Thus, the jury's award could not have been based on pre-impact terror or apprehension of impending death.

Defendant County of Onondaga's (defendant) argument on the cross appeal that the verdict on the wrongful death cause of action should be set aside because it had no actual or written notice that a guardrail was necessary, as required by Onondaga County Local Law No. 1, is without merit *(see, Alexander v Eldred,* 63 NY2d 460, 467; *Tyner v City of Buffalo,* 152 AD2d 978). Further, we conclude that plaintiff presented sufficient proof from which the jury could conclude that defendant had constructive notice that a guardrail at the site of the accident was needed and the doctrine of *Weiss v Fote* (7 NY2d 579) does not apply because there is no proof in the record to indicate that the absence of a guardrail was the product of a governmental plan or study. Finally, whether defendant's negligence in failing to provide a guardrail was the proximate cause of the accident was clearly a question of fact.

All concur except Pine, J. P., and Fallon, J., who dissent in part and vote to modify in the following Memorandum.

Pine, J. P., and Fallon, J. (dissenting in part). We respectfully dissent in part. In our view, Supreme Court erred in granting defendant County of Onondaga's motion to set aside the verdict for conscious pain and suffering. We disagree with the majority's conclusion that there was no evidence presented at trial from which the jury could infer that the decedent was conscious when she drowned.

On the night of January 24, 1988, decedent Karen Ann Cummins attended a country music jamboree at a local bar. At approximately 10:10 P.M., she left in her own car for her home in Syracuse. She was followed in a separate car by an acquaintance. The two cars proceeded about four miles when

the acquaintance observed decedent lose control of her car on a curve. The car spun out of control, left the roadway, rolled over and came to rest on its roof in a body of water adjacent to the road. Decedent was alone in her car and wearing a shoulder harness and lap belt. Police officers responding to the emergency found decedent with her seat belt intact and her upper body immersed in water approximately three feet deep. She had no respiration or pulse when removed from the car and, although resuscitated, she died at the hospital several hours later without regaining consciousness.

The medical examiner testified that decedent died "as a result of an immersion; drowning, if you will, and as a result also of a drop in her blood, called hypothermia." The only other injury he described was a bruise on the left side of decedent's head. The medical examiner was unable to state whether decedent was conscious when she entered the water.

The majority concludes that there is insufficient evidence to support an inference of consciousness, noting that, to recover damages for conscious pain and suffering, there must be some proof of consciousness following the injury. We conclude that there was sufficient evidence in this record from which the jury could fairly conclude that decedent was conscious when she entered the water. She was observed operating her car before losing control on the curve. Neither the eyewitness's testimony nor the medical evidence provided a basis to conclude that she did not continue to remain conscious until she drowned.

Conscious pain and suffering can be proven by circumstantial evidence (see, Gonzalez v New York City Hous. Auth., 77 NY2d 663; Stein v Lebowitz-Pine View Hotel, 111 AD2d 572, lv denied 65 NY2d 611). In Stein, the Third Department upheld an award for conscious pain and suffering where plaintiff's decedent drowned after allegedly striking his head before falling into a pool while the lifeguard was not present. The Court noted that an expert testifying for the plaintiff "did not testify that decedent was rendered unconscious. It follows that sufficient evidence of probable struggle was presented to support the award" (Stein v Lebowitz-Pine View Hotel, supra, at 573 [emphasis added]). The holding of the Court in Stein is consistent with the "presumption of continuance" rule, which provides that "[p]roof of the existence of * * * a condition * * * at a given time raises a presumption that it continued for as long as is usual with things of that nature" (Richardson, Evidence § 74 [Prince 10th ed]).

The majority has declined to follow the rationale in Stein

*(supra)* or to apply the presumption of continuance to the instant case on the ground that doing so would impermissibly shift the burden of proof to defendant to prove unconsciousness. We disagree. We conclude that there was sufficient evidence, particularly in this death case *(see, e.g., Noseworthy v City of New York,* 298 NY 76), to justify the jury's conclusion that plaintiff proved that decedent endured conscious pain and suffering. We do not accept the majority's conclusion that it would not be "usual" for a driver to remain conscious in the circumstances of this case. The shoulder harness and lap belt worn by decedent were intact when the vehicle came to rest. The only injury to decedent's head was a bruise. In our view, the jury's conclusion that decedent suffered conscious pain and suffering while drowning was not "utterly irrational" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499).

We would modify, therefore, and reinstate the jury verdict for conscious pain and suffering. (Appeals from Judgment of Supreme Court, Onondaga County, Auser, J.—Judgment Notwithstanding the Verdict.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.