■ WILLIAM A. DeVITO, as Administrator of the Estate of WILLIAM J. DeVITO, Deceased, Respondent-Appellant, v CARMINE AMALFITANO et al., Appellants-Respondents. [662 NYS2d 575] —In an action, *inter alia*, to recover damages for wrongful death, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Berke, J.), dated July 25, 1996, as, upon a jury verdict and upon the plaintiff's stipulation, is in favor of the plaintiff and against them in the principal sum of $350,000, and the plaintiff cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to further decrease the verdict as to damages from the principal sum of $350,000 to the principal sum of $200,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed insofar as appealed from, without costs or disbursements.

After trial, the jury found that the defendant police officer was not justified in shooting and killing the plaintiff's decedent. The jury awarded the plaintiff, the father of the deceased and the administrator of his estate, damages in the principal sum of $1,000,000, which were reduced upon the plaintiff's stipulation to $350,000. The defendants appeal on the ground that the verdict, as reduced, is excessive. We agree.

In a wrongful death action, an award of damages should represent fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought (EPTL 5-4.3). The standard of review of such an award is whether it deviates materially from what would be reasonable compensation (CPLR 5501 [c]).

At the time of his death, the decedent was 21 years old, and sporadically earned approximately $60 a day working at various jobs including landscaping, paving, and roofing. The decedent resided with his parents, although he often left home without telling them where he was going and would not return for days or weeks at a time. While there was testimony that the decedent provided his family with $100 a week and helped around the house, there was no formal agreement that he do so, and when out of work he sometimes borrowed money from his father. Furthermore, the decedent had dropped out of high school after his sophomore year and had been contemplating moving out of the parental home.

In view of the above, the $350,000 award deviated materially from what would be deemed reasonable compensation, to the extent indicated (*see, James v Eber Bros. Wine & Liq. Corp.*, 153 AD2d 329; *Franchell v Sims,* 73 AD2d 1, 5). Miller, J. P., Florio, McGinity and Luciano, JJ., concur.