■ MAXWELL M. OGUNTI, Appellant, v LIONEL L. HELLMAN, Respondent. [721 NYS2d 549] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 20, 1999, as, upon the granting of his motion for summary judgment on the issue of liability and upon a partial jury verdict on the issue of damages, denied his motion, in effect, pursuant to CPLR 4404 (a)

to set aside the verdict and for a new trial on the issue of damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff argues that the Supreme Court erroneously denied his request to charge the jury concerning the aggravation of a pre-existing condition, and therefore he is entitled to a new trial on the issue of damages. We disagree.

Aggravation of a pre-existing condition is an element of special damages which must be specially pleaded and proved (*see, Behan v Data Probe Intl.,* 213 AD2d 439). Here, although the plaintiff adequately pleaded such special damages, there was a failure of proof. Neither party's theory of the case was that the plaintiff had a pre-existing condition that was aggravated by the subject accident. Rather, the plaintiff endeavored to elicit such information during his cross-examination of the defendant's medical expert based on an initial report prepared by the expert reaching such a conclusion. During his direct examination, however, the defendant's expert testified that he had changed that initial conclusion based on additional information he had received, and that he was no longer of the opinion that the subject accident had aggravated a pre-existing condition. On cross-examination the plaintiff sought to impeach the integrity of that additional information. However, he did not elicit any testimony from the defendant's expert to the contrary. In light of the failure of proof, the trial court did not err in declining to charge the jury concerning the aggravation of a pre-existing condition (*see, Smolen v Pen Fa Lee,* 111 AD2d 801). Ritter, J. P., S. Miller, Friedmann and Smith, JJ., concur.