■ Jose E. Ramos, Respondent, v Pragna B. Shah, Appellant. [740 NYS2d 376] —In an action to recover damages for medical malpractice, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered December 1, 2000, as, upon a jury verdict, is in favor of the plaintiff and against her in the principal sum of $900,000 for pain and suffering.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, by deleting the provision thereof awarding damages for pain and suffering, and granting a new trial with respect thereto, unless within 30 days after service upon him of a copy of this decision and order, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for pain and suffering from the principal sum of $900,000 to the principal sum of $450,000, and to the entry of an amended

judgment in his favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment accordingly.

On March 19, 1992, the plaintiff's decedent, whom the defendant had treated for vomiting the day before, went to the defendant's office because his condition had worsened. The defendant referred the decedent to a hospital for emergency treatment for dehydration and shock. However, the decedent suffered cardiac arrest, lapsed into a coma, and died several days later.

To recover damages for pain and suffering, an injured plaintiff must have some level of awareness (see McDougald v Garber, 73 NY2d 246, 255). Moreover, "[i]n determining damages for conscious pain and suffering experienced in the interval between injury and death, when the interval is relatively short, the degree of consciousness, severity of pain, apprehension of impending death, along with duration, are all elements to be considered" (Regan v Long Is. R.R. Co., 128 AD2d 511, 512). The opinion of the plaintiff's medical expert regarding the pain the decedent experienced from the dehydration, which was supported by the record (see generally Erbstein v Savasatit, 274 AD2d 445; Samuel v Aroneau, 270 AD2d 474), and the testimony of the decedent's father regarding his complaints of pain, sufficiently demonstrated pain and suffering resulting from the allegedly untreated dehydration (see Sachs v Nassau County, 151 AD2d 558; cf. Richardson v Lutheran Hosp. of Brooklyn, 70 AD2d 933). In addition, although the decedent lapsed into a coma, there was evidence that he had some level of consciousness for several days (see generally Weldon v Beal, 272 AD2d 321, 322; Walsh v Staten Is. Obstetrics & Gynecology Assoc., 193 AD2d 672, 673).

However, we find that the damage award for pain and suffering was excessive to the extent indicated (see CPLR 5501 [c]; Kogan v Dreifuss, 174 AD2d 607). Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.