■ In the Matter of the Estate of Lorraine C. Buscemi, Also Known as Lorraine Buscemi, Deceased. Alvaro J. Buscemi, Respondent; Suffolk County Department of Social Services, Appellant. [822 NYS2d 109]—

In a proceeding for a judicial accounting, the objectant Suffolk County Department of Social Services appeals from an order of the Surrogate's Court, Suffolk County (Czygier, S.), dated June 21, 2005, which denied its motion to vacate its default in appearing and to vacate so much of a decree of the same court dated September 16, 2004, as granted that branch of the petition which was to allocate all of the proceeds from the settlement of an action brought on behalf of the decedent in the Supreme Court, Suffolk County, to the cause of action therein to recover damages for wrongful death, and for the entry of a new decree allocating $197,117.95 of such proceeds for the payment of its Medicaid recoupment lien.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to vacate the default and to vacate so much of the decree dated September 16, 2004, as granted that branch of petition which was to allocate all of the proceeds from the settlement of the underlying action to the wrongful death cause of action, and substituting therefor provisions granting those branches of the motion; as modified, the order is affirmed, with costs to the appellant, so much of the decree dated September 16, 2006, as granted that branch of the petition which was to allocate all of the proceeds from the settlement of the underlying action to the wrongful death cause of action is vacated, and the matter is remitted to the Surrogate's Court, Suffolk County, for further proceedings in accordance herewith.

In 1998 the decedent Lorraine C. Buscemi, also known as Lorraine Buscemi (hereinafter Lorraine) sustained severe and permanent brain damage and other injuries in a motor vehicle accident. The petitioner herein, Alvaro Buscemi, her husband, commenced an action in the Supreme Court, Suffolk County, to recover damages for personal injuries, both individually and as Lorraine's guardian (hereinafter the underlying action). On March 13, 2001 Lorraine died, allegedly as a result of the injuries sustained in the accident. After Alvaro was issued limited letters testamentary, the complaint in the underlying action was amended to name him as executor of Lorraine's estate, and to add a cause of action to recover damages for wrongful death. On August 4, 2004 Alvaro filed a petition and accounting with the Surrogate's Court seeking, inter alia, authorization to

settle the underlying action for the sum of $1,050,000 and to allocate all of the proceeds from the same to the wrongful death cause of action. A citation was served on the appellant Suffolk County Department of Social Services (hereinafter DSS), which had filed a Medicaid recoupment lien in the amount of $197,117.95. A decree was entered upon the DSS's default in appearing, granting Alvaro the requested relief.

DSS thereafter moved to vacate its default and to vacate so much of the decree as allocated all of the proceeds from the settlement of the underling action to the wrongful death cause of action, and for entry of a new decree allocating $197,117.95 of such proceeds to the payment of its lien. DSS averred that it had timely prepared a notice of appearance and objections to the petition and accounting, and a cover letter notifying the court that it would be unable to appear on the return date of the citation. However, DSS alleged, a routine review of the case file revealed that a mailing of the same had not been effected as directed. Rather, it was determined that the typist/secretary assigned to the matter had mailed the papers to the wrong court and had not mailed copies to Alvaro or counsel, but rather, only to Lorraine's two children. Thus, DSS argued, its default should be excused based on law office failure. As to the merits, DSS argued that the allocation of all of the proceeds from the settlement of the underlying action to the wrongful death cause of action was improper, in that recovery on such a cause of action was limited to the pecuniary damages suffered by the decedent's distributees, and the amended complaint in the underlying action sought damages for injuries to Lorraine, including for pain and suffering. Further, DSS asserted, this distinction was significant because it could enforce its lien as against damages paid to Lorraine for pain and suffering, but not against damages paid for wrongful death. In opposition to the motion, Alvaro argued, inter alia, that all of the proceeds from the settlement were properly allocated to the wrongful death cause of action because Lorraine was in a vegetative or comatose state from the date of the accident until the date of her death and, therefore, did not incur any damages for pain and suffering. The Surrogate denied the motion. We modify.

In support of its motion, DSS demonstrated both a reasonable excuse for its default and a meritorious claim (*see Matter of Shapiro*, 26 AD3d 440 [2006]; *Matter of Gjokaj*, 286 AD2d 330 [2001]; *Matter of Zahoudanis*, 289 AD2d 412 [2001]; *Matter of Meade*, 224 AD2d 429 [1996]). Thus, the matter is remitted to the Surrogate's Court, Suffolk County, to litigate on the merits the assertion of DSS that Lorraine possessed the required "some

level of consciousness" (*Ramos v Shah,* 293 AD2d 459, 460 [2002]) needed to support an award of damages for pain and suffering, and that proceeds from the settlement of the underlying action should be allocated to that award (*see McDougald v Garber,* 73 NY2d 246 [1989]; *Ramos v Shah, supra; Weldon v Beal,* 272 AD2d 321 [2000]; *Matter of Maier,* 178 Misc 2d 1061 [1998]; EPTL 5-4.3, 5-4.4). Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.