■ CHRISTINE NEWBORN ARIAS, Appellant, v STATE OF NEW YORK, Respondent. [822 NYS2d 727]—In a claim, inter alia, to recover damages for wrongful death, the claimant appeals, among other things, on the ground of inadequacy, from so much of a judgment of the Court of Claims (Mignano, J.), dated April 27, 2005, as after a nonjury trial, and upon a decision of the same court dated March 14, 2005, is in favor of her and against the defendant in the principal sums of $350,000 as damages for conscious pain and suffering and $2,200 for wrongful death.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the claimant's contention, the evidence adduced at trial did not preponderate in favor of a finding that the decedent was aware of his impending death (*see Cummins v County of Onondaga,* 84 NY2d 322 [1994]). Accordingly, the amount awarded by the Court of Claims for conscious pain and suffering did not deviate materially from what would be considered reasonable compensation for this element of damages (*see* CPLR 5501 [c]; *Ramos v Shah,* 293 AD2d 459 [2002]; *Rodd v Luxfer USA,* 272 AD2d 535, 535-536 [2000]).

The court's award for wrongful death was also proper. Calculation of such damages is a matter for the trier of fact (*see Parilis v Feinstein,* 49 NY2d 984 [1980]). Under all of the facts and circumstances of this case, and especially considering that the claimant offered no direct evidence of pecuniary injury, the court's wrongful death award was fair and just compensation for the pecuniary injuries resulting from the decedent's death to the claimant (*see* EPTL 5-4.3 [a]; *Milbrandt v Green Refractories Co.,* 79 NY2d 26, 31 [1992]; *DeVito v Amalfitano,* 242 AD2d 662

[1997]; *see also Gonzalez v New York City Hous. Auth.,* 77 NY2d 663 [1991]; *Greenspan v East Nassau Med. Group,* 204 AD2d 273 [1994]).

The claimant's remaining contentions are without merit. Miller, J.P., Crane, Santucci and Luciano, JJ., concur. [*See* 8 Misc 3d 736 (2005).]