■ Laquionus Pressley, Respondent, v Vincent DePalma, Appellant, et al., Defendant. (Action No. 1.) Neena N. Sweetser, Respondent, v Jason Miller et al., Defendants, and Vincent DePalma, Appellant. (Action No. 2.) [833 NYS2d 650]—

In two related actions to recover damages for personal injuries, which were jointly tried, Vincent DePalma, a defendant in both actions, appeals (1) from an interlocutory judgment of the Supreme Court, Orange County (Slobod, J.), entered July

18, 2005, which, upon a jury verdict finding him 100% at fault in the happening of the accident, dismissed the complaint in action No. 1 insofar as asserted against the defendant Jason Miller, (2), as limited by his brief, from so much of an interlocutory judgment of the same court dated July 22, 2005, as, upon the jury verdict, is in favor of the plaintiff and against him on the issue of liability in action No. 1, (3), as limited by his brief, from so much of an interlocutory judgment of the Supreme Court, Orange County (Slobod, J.), dated September 28, 2005, in action No. 2 as, upon the jury verdict, is in favor of the plaintiff and against him on the issue of liability in action No. 2, (4) from an order of the same court dated October 17, 2005, which denied his motion pursuant to CPLR 4404 to set aside the jury verdict rendered in both actions.

Ordered that the appeal from the interlocutory judgment entered July 18, 2005 is dismissed, as the appellant is not aggrieved by that interlocutory judgment (see CPLR 5511); and it is further,

Ordered that the appeal from the order dated October 17, 2005 is dismissed; and it is further,

Ordered that the interlocutory judgments dated July 22, 2005 and September 28, 2005 are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order dated October 17, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of the interlocutory judgments (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issue raised on the appeal from that order is brought up for review and has been considered on the appeal from the interlocutory judgments (see CPLR 5501 [a] [1]).

The appellant contends that the Supreme Court erred in limiting the testimony of a police officer who responded to the scene of the subject motorcycle accident. We disagree. The Supreme Court providently exercised its discretion in precluding the police officer from testifying as to his observations of marks on the roadway and his opinion as to the point of impact (see Coffey v Callichio, 136 AD2d 673 [1988]; Campbell v Manhattan & Bronx Surface Tr. Operating Auth., 81 AD2d 529 [1981]). The proposed testimony was, in the circumstances of this case, beyond that which would be within the expertise of an officer who routinely responds to accidents.

A responding officer may testify to his observations of the location and position of vehicles upon his arrival at the scene, if

relevant, and may, in some instances, give an opinion as to the point of impact (*see Evers v Carroll*, 17 AD3d 629 [2005], and cases cited therein). Here, however, the officer arrived at the scene of the multiple vehicle accident approximately 15 minutes after the accident, by which time the scene had been altered by the removal of everything that could be moved from the road. The fire department had moved one of the motorcycles because it was almost on top of a passenger. The officer was unable to determine whether certain skid marks were attributable to one motorcycle or another, or to determine whether various marks he observed on the road were from the subject accident or were caused by other vehicles on other days. Therefore, the Supreme Court properly limited the testimony of the police officer. Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.