OPINION OF THE COURT
Diana A. Johnson, S.
Petitioner Naxhije Qyra moves for an order granting summary judgment dismissing the objections filed by Iryna Krysa; approving her compromise petition allocating the entire settlement proceeds of the underlying claim to wrongful death and; imposing costs and sanctions against Iryna Krysa and her attorney.
Objectant Iryna Krysa cross-moves for an order pursuant to 22 NYCRR 130-1.1, imposing costs and sanctions on petitioner’s attorney.
Petitioner is the administrator of Elmaz Qyra’s estate. Petitioner brought the underlying petition herein seeking a decree authorizing allocation of the entire three million dollar settlement to wrongful death and to judicially settle petitioner’s account. Objectant is the plaintiff in a personal injury action wherein she alleges as a result of Elmaz Qyra’s (decedent) negligence, she was injured in a motor vehicle accident on October 18, 2009. Objectant filed objections to the petition contending that a portion of the settlement should be allocated to conscious pain and suffering, requesting discovery and a jury trial on the allocation.
On February 25, 2010, decedent while walking through Central Park was struck on the head by a large tree branch, killing him. Petitioner, his wife, was issued letters of administration, and thereafter commenced a lawsuit against the responsible parties. Thereafter, objectant brought a Supreme Court action based on the motor vehicle accident. On February 28, 2012, objectant in a letter to petitioner made a claim against decedent’s estate, “pursuant to S.C.PA. Section 1803,” enclosing a copy of her amended verified complaint in her Supreme Court action. Petitioner’s lawsuit was settled by stipulation *658 dated April 26, 2013 for three million dollars. No allocation was made in the stipulation between damages for wrongful death and conscious pain and suffering. The settlement was approved by the Supreme Court in an order dated June 4, 2013.
Although objectant denominates her claim as an SCPA 1803 claim, it is a contingent or unliquidated claim under SCPA 1804 CMatter of Biel, 103 AD2d 287 [2d Dept 1984]). When an SCPA 1804 claim is filed there can be no distribution without a reservation of such estate assets which the court determines to be adequate to pay the contingent or unliquidated claim based upon an evaluation of all pertinent criteria (id.). If before the decree is signed the liability is established and the amount ascertained, the claimant must then file the claim in accordance with the provisions of SCPA 1803 (see SCPA 1804 [2]; Margaret Valentine Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1804).
Due to the pending lawsuit in Supreme Court, objectant, as a potential creditor, has standing to object and be heard herein on the allocation of the proceeds from the settlement (see Matter of Buscemi, 32 AD3d 1021 [2d Dept 2006]). A creditor is affected by the allocation of the settlement proceeds between wrongful death damages and damages for conscious pain and suffering, given that wrongful death damages are not part of a decedent’s estate and are insulated from creditors’ claims, while damages for conscious pain and suffering are not insulated from creditors’ claims (see Margaret Valentine Turano & Hon. C. Raymond Radigan, 1-20 New York Estate Administration § 20.01 at 658 [Matthew Bender 2014]; Matter of Schwabacher v International Salt Co., 272 App Div 173 [3d Dept 1947], affd 298 NY 726 [1948]).
Summary judgment is designed to eliminate from the trial calendar litigation that can be resolved as a matter of law (Andre v Pomeroy, 35 NY2d 361 [1974]). The court’s burden is not to resolve issues of fact, but merely to determine if such issues exist (Dyckman v Barrett, 187 AD2d 553 [2d Dept 1992]). It is a drastic remedy that will only be granted where there is no triable issue of fact (Barclay v Denckla, 182 AD2d 658 [2d Dept 1992]). The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make out a prima facie case requires denial of the motion regardless of the sufficiency of the opposing papers (Winegrad v New York Univ. *659 Med. Ctr., 64 NY2d 851 [1985]). If however a prima facie case is made, the burden of going forward shifts to the opposing party to establish the existence of material issues of fact requiring a trial by tendering evidentiary proof in admissible form (Romano v St. Vincent’s Med. Ctr. of Richmond, 178 AD2d 467 [2d Dept 1991]).
Petitioner in her motion argues that summary judgment should be granted as: (a) there is no proof whatsoever of any conscious pain and suffering sustained by decedent; and (b) objectant lacks standing in the instant proceeding as her underlying lawsuit in Supreme Court was never timely filed, and is time-barred by the statute of limitations.
Objectant in opposition argues that petitioner’s motion for summary judgment should be denied as: (1) objectant served a valid claim on the estate pursuant to SCPA 1803, tolling the statute of limitations requiring a trial of her injury claim in Surrogate’s Court; (2) the validly served claim moots out consideration of jurisdiction in the Supreme Court action; and (3) there are issues of fact as to whether decedent experienced conscious pain and suffering.
The arguments advanced by petitioner regarding objectant’s lawsuit in Supreme Court being a nullity, and objectant’s arguments as to the viability of that lawsuit, are not for this court, but for the Supreme Court, to determine and will not be considered in this motion. Additionally, as objectant’s injury claim is pending in Supreme Court, the injury claim cannot be tried in Surrogate’s Court (see Matter of Aaron, 232 AD2d 758 [3d Dept 1996] [pursuing Supreme Court action constituted an election of remedy, warranting dismissal of Surrogate’s Court proceeding for same actionable wrongs]). The only pertinent issues for the court’s consideration on this motion are whether summary judgment should be granted dismissing the objections and allocating the entire three million dollar settlement to wrongful death, and whether costs and sanctions should be imposed.
Petitioner has failed to establish a prima facie showing of entitlement to judgment as a matter of law. As the party seeking summary judgment dismissing the objections, petitioner bore the initial burden of showing that decedent did not suffer conscious pain and suffering (see Phiri v Joseph, 32 AD3d 922 [2d Dept 2006]). Petitioner’s attorney avers in his affirmation that decedent died instantly. However, an attorney’s affirmation is of no probative value on a summary judgment motion unless *660 the attorney has firsthand knowledge of the facts, or it is accompanied by documentary evidence that constitutes admissible proof (Adam v Cutner & Rathkopf, 238 AD2d 234 [1st Dept 1997]). There is neither supporting medical proof provided for this proposition, nor an affidavit from an eyewitness stating that decedent did not move or make any sound immediately following the accident.
In any event even assuming petitioner had established a prima facie case, the affirmation of Dr. Zhongxue Hua, appended as exhibit J by objectant in her opposition to the motion, creates an issue of fact concerning whether decedent experienced any conscious pain and suffering. Dr. Hua based upon his viewing of the autopsy report, toxicology report, neuropathology report, EMS report, police report, and the investigation report, opines that decedent suffered from pre-impact terror and thereafter conscious pain and suffering for up to one minute.
Accordingly petitioner’s motion for summary judgment is denied. Although objectant has requested a jury trial on the allocation, there is no right to a jury trial in a proceeding to approve a wrongful death settlement (2 Harris New York Estates: Probate Administration and Litigation § 22:23 at 312 [6th ed 2014]). The court will conduct the hearing on the allocation of the three million dollar settlement between damages for conscious pain and suffering and damages for wrongful death. After the hearing if any damages are found attributable to conscious pain and suffering the court will determine what portion of those damages shall be reserved and for what period of time applying the factors listed in Matter of Biel (103 AD2d 287 [1984]). As objectant seeks discovery, a pretrial conference will be conducted to determine what discovery is sought and whether it is appropriate.
Petitioner’s counsel’s application for costs and sanctions against objectant and her attorney is denied. As objectant has standing to participate in the allocation proceeding, it cannot be said that objectant had no basis to object to the proposed distribution or that the purpose of the objections was to delay and prolong the distribution of the settlement proceeds.
Objectant’s cross motion for costs and sanctions against petitioner’s counsel pursuant to 22 NYCRR 130-1.1 is denied. The allegation that petitioner’s counsel “deliberately made misleading misrepresentations and omissions to the Court in their Motion by omitting the Claim served upon them and the Administratrix they represent” is without merit. While the mo *661 tion does not address the claim made by objectant, the underlying petition lists objectant as a potential creditor and a citation issued to objectant as same. Additionally, contrary to objectant’s counsel’s assertion, it cannot be said that the failure to address the claim in the motion was an attempt by petitioner’s counsel to mislead the court to dismiss the objections for lack of standing, as petitioner’s counsel did not premise the lack of standing argument on the failure to make a claim, but rather on his supposition that the Supreme Court action was a nullity.
Motions decided in accordance with above.