■ KAREN FRANK-SHAEVICH, as Administrator of the Estate of CLAIRE FRANK, Deceased, Appellant, v KUL BHUSHAN ANAND et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendant, et al., Third-Party Defendant. [996 NYS2d 334]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff Karen Frank-Shaevich, as administrator of the estate of Claire Frank, appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Hart, J.), entered September 14, 2012, as, after a jury trial, and upon the granting of the motion of the defendants/third-party plaintiffs, Kul Bhushan Anad and Parker Jewish Institute for Healthcare & Rehabilitation, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, is in favor of those defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs to the defendants/third-party plaintiffs-respondents.

A trial court may grant a motion pursuant to CPLR 4401 for judgment as a matter of law where it finds that, upon the evidence presented, "there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In considering the motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*id.* at 556).

The Supreme Court properly granted the motion pursuant to CPLR 4401 for judgment as a matter of law in favor of the defendants/third-party plaintiffs, Kul Bhushan Anand and Parker Jewish Institute for Healthcare & Rehabilitation, because there was insufficient evidence from which the jury could rationally find that the plaintiff's decedent sustained an injury as a result of the care or treatment by the defendants/third-party plaintiffs (*see Doland v Stephenson*, 89 AD3d 789, 790 [2011]; *cf. Espinal v Vargas*, 101 AD3d 1072 [2012]; *Wilson v City of New York*, 65 AD3d 906, 910-911 [2009]; *Ramos v Shah*, 293 AD2d 459, 460 [2002]; *Ogunti v Hellman*, 281 AD2d 404, 405 [2001]; *Rivera v City of New York*, 253 AD2d 597, 600 [1998]; *Kogan v Dreifuss*, 174 AD2d 607, 610 [1991]). Rivera, J.P., Hall, Austin and Cohen, JJ., concur.