Vatalaro v County of Suffolk (2018 NY Slip Op 05352)





Vatalaro v County of Suffolk


2018 NY Slip Op 05352


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-05833
 (Index No. 12002/08)

[*1]Teresa Vatalaro, etc., appellant-respondent,
v
County of Suffolk, et al., respondents-appellants.


Jordan & LeVerrier, P.C., East Hampton, NY (Conrad Jordan of counsel), for appellant-respondent.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated March 4, 2016. The order, insofar as appealed from, (1) granted that branch of the defendants' motion pursuant to CPLR 4404(a) which was for a new trial on the issue of damages for pre-impact terror, unless the plaintiff agreed to a reduction in that award from the principal sum of $250,000 to the principal sum of $50,000, (2) granted that branch of the defendants' motion pursuant to CPLR 4404(a) which was for a new trial on the issue of damages for conscious pain and suffering, unless the plaintiff agreed to a reduction in that award from the principal sum of $1,250,000 to the principal sum of $400,000, and (3) denied the plaintiff's cross motion pursuant to CPLR 4404(a) for an additur to the damages awarded for economic loss. The order, insofar as cross-appealed from, denied that branch of the defendants' motion pursuant to CPLR 4404(a) which was for a new trial on the issue of damages for economic loss, or in the alternative, for a reduction of the damages awarded for economic loss.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
During the liability portion of a bifurcated wrongful death trial, the jury determined that the defendants were solely at fault for the happening of a motor vehicle accident that caused the death of Jenna Alyse Vatalaro (hereinafter the decedent) (see Vatalaro v County of Suffolk, ___ [*2]AD3d ___ [Appellate Division Docket No. 2015-11573; decided herewith]). After the ensuing damages trial, the jury awarded the plaintiff damages in the principal sums of $250,000 for pre-impact terror, $1,250,000 for post-impact conscious pain and suffering, and $170,000 for economic loss.
The defendants moved pursuant to CPLR 4404(a) to set aside the jury's verdict and for a new trial on the issue of damages, or, in the alternative, for a reduction of the damages awards. The plaintiff cross-moved pursuant to CPLR 4404(a) for an additur to the damages award for economic loss. The Supreme Court granted that branch of the defendants' motion which was for a new trial on the issue of damages for pre-impact terror unless the plaintiff agreed to a reduction in that award from the principal sum of $250,000 to the principal sum of $50,000, granted that branch of the defendants' motion which was for a new trial on the issue of damages for conscious pain and suffering unless the plaintiff agreed to a reduction in that award from the principal sum of $1,250,000 to the principal sum of $400,000, and otherwise denied the motion and cross motion. The plaintiff appeals and the defendants cross-appeal. We affirm.
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Nayberg v Nassau County, 149 AD3d 761, 762 [internal quotation marks omitted]; see CPLR 5501[c]; Graves v New York City Tr. Auth., 81 AD3d 589, 589; Chery v Souffrant, 71 AD3d 715, 716). "The reasonableness of compensation must be measured against relevant precedent of comparable cases" (Halsey v New York City Tr. Auth., 114 AD3d 726, 727 [internal quotation marks omitted]; see Kayes v Liberati, 104 AD3d 739, 741). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Vainer v DiSalvo, 107 AD3d 697, 698-699 [internal quotation marks omitted]).
"Damages for pre-impact terror are designed to compensate the decedent's estate for the fear the decedent experienced during the interval between the moment the decedent appreciated the danger resulting in the decedent's death and the moment the decedent sustained a physical injury as a result of the danger" (NY PJI 2:320, Caveat 3; see Vargas v Crown Container Co., Inc., 155 AD3d 989, 993). Here, the evidence at trial established that the decedent made eye contact with the defendant bus operator, William R. Dortch, for approximately one second before the bus collided with the decedent's vehicle. Under these circumstances, we agree with the Supreme Court's determinations that the $250,000 award for pre-impact terror deviated materially from what would be reasonable compensation and to grant the branch of the defendants' cross motion which was for a new trial on the issue of pre-impact terror unless the plaintiff agreed to an award in the principal sum of $50,000 (see Klos v NY City Tr. Auth., 240 AD2d 635, 638; Donofrio v Montalbano, 240 AD2d 617, 618).
"A cause of action alleging conscious pain and suffering requires proof of cognitive awareness for at least some period of time following an accident" (Keenan v Molloy, 137 AD3d 868, 871 [internal quotation marks omitted]). "[I]n determining damages for conscious pain and suffering experienced in the interval between injury and death, when the interval is relatively short, the degree of consciousness, severity of pain, apprehension of impending death, along with duration, are all elements to be considered" (Ramos v Shah, 293 AD2d 459, 460 [internal quotation marks omitted]). Here, we agree with the Supreme Court's determination that the jury award in the principal sum of [*3]$1,250,000 deviated materially from what would be reasonable compensation for the decedent's post-impact conscious pain and suffering. The evidence established that the decedent was able to feel pain following the collision, but that she was able to do so for, at most, 11 to 20 minutes and that, during that time, she was minimally conscious (see id. at 460). Under these circumstances, that branch of the defendants' motion which was for a new trial on the issue of conscious pain and suffering unless the plaintiff agreed to an award in the principal sum of $400,000 was properly granted (see Espinal v Vargas, 101 AD3d 1072, 1072-1073; Glassman v City of New York, 225 AD2d 658, 659-660; Portaro v Gerber, 217 AD2d 539, 540-541).
We agree with the Supreme Court's determination that the jury's award of damages in the principal sum of $170,000 for economic loss did not deviate materially from what would be reasonable compensation (see Vasquez v County of Nassau, 91 AD3d 855, 858-859).
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court