S.M. v New York City Tr. Auth. (2025 NY Slip Op 50367(U))

[*1]

S.M. v New York City Tr. Auth.

2025 NY Slip Op 50367(U)

Decided on March 24, 2025

Supreme Court, New York County

Tsai, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2025
Supreme Court, New York County

S.M., as Administrator of the Estate of H.M., Deceased, Plaintiff,

against
The New York City Transit Authority, Metropolitan Transit Authority, and the City of New York, Defendants.

Index No. 151196/2020

Douglas & London, P.C., Manhattan (Randolph D. Janis, of counsel), for plaintiff.

Richard Tsai, J.

THE FOLLOWING E-FILED DOCUMENTS, LISTED BY NYSCEF DOCUMENT NUMBERS (MOTION 001) 20-26 WERE READ ON THIS MOTION TO/FOR COMPROMISE.
In this action alleging wrongful death and conscious pain and suffering, plaintiff moves for an order approving and allowing the action to be settled for a certain amount, and for approval and payment of the fees and disbursements of plaintiff's counsel, pursuant to ETPL 5-4.6 (1). The motion is unopposed. The only issues presented are whether 100% of the settlement should be allocated to the cause for wrongful death, and whether the claim for conscious pain and suffering may therefore be discontinued with prejudice.
The branch of plaintiff's motion for approval and allowance of a settlement of the action in the amount of $xx,xxx is granted without opposition, and the settlement amount is approved. Additionally, the amount of attorneys' fees and disbursements is approved, and the payment of the attorneys' fees and disbursements from the settlement proceeds is approved.
However, the branch of plaintiff's motion to allocate 100% of the settlement to the cause of action for wrongful death is denied. 
Creditors and tax authorities have a right to be heard on the issue of whether any of the recovery should be allocated to wrongful death, or if any amount should be allocated to [*2]conscious pain and suffering (see Lee S. Kreindler et al., New York Law of Torts § 15:27 [15 West's NY Prac Series, Aug. 2023 update]). "A creditor is affected by the allocation of the settlement proceeds between wrongful death damages and damages for conscious pain and suffering, given that wrongful death damages are not part of a decedent's estate and are insulated from creditors' claims, while damages for conscious pain and suffering are not insulated from creditors' claims" (Matter of Qyra, 44 Misc 3d 656, 658 [Sur Ct, Kings County 2014]). Here, it does not appear that notice of plaintiff's motion has been given to the creditors of the decedent's estate.
In this court's view, matters of the allocation are best left to the Surrogate's Court, where notice to all interested parties would be given to determine the proper distribution of damages to the qualifying distributes (see EPTL 5-4.4). If the Supreme Court were to fix the allocation in error, the Surrogate's Court would be unable to modify the allocation, because the Surrogate's Court "lacks jurisdiction to modify orders entered by other courts" (Matter of Torres, 28 Misc 3d 677, 680 [Sur Ct, Bronx County 2010]). "The Torres scenario is why the Supreme Court should, even if it approves the overall settlement amount, leave the allocation to the Surrogate's Court, which makes its decision after acquiring jurisdiction over all necessary parties" (see Margaret Valentine Turano, 2011 Supp Prac Commentaries, McKinney's Cons Laws of NY, EPTL 5-4.6).
The branch of plaintiff's motion for voluntary discontinuance of the claim of conscious pain and suffering is also denied. Allowing discontinuance of this claim would result in a de facto allocation of 100% of the settlement to the damages for wrongful death. As discussed above, allocation is an issue which is best left to the Surrogate's Court.
CONCLUSION & ORDER
Upon the reading and filing of the annexed petition of S.M., as administrator of the Estate of H.M., deceased, duly verified on November 27, 2024, the affirmation of Randolph Janis, Esq., affirmed to on November 29, 2024, and the exhibits annexed thereto, and upon all the pleadings and proceeding heretofore had herein, and after due deliberations thereon,
NOW, on motion of DOUGLAS & LONDON, P.C., attorneys for the plaintiff, it is hereby
ORDERED that the motion and petition for leave to compromise and settle the above-entitled action in the present value amount of XXXXXXXXXXXX DOLLARS ($xx,xxx.xx) is GRANTED IN PART TO THE EXTENT that the settlement provided herein is deemed adequate and is in the best interest of the Estate; and it is further
ORDERED that the branch of motion to allocate 100% of the settlement to the cause of action for wrongful death is DENIED; and it is further 
ORDERED that the branch of the motion for leave to voluntarily discontinue the claim for conscious pain and suffering with prejudice is DENIED; and it is further
ORDERED that the restrictions on the letters of administration issued to S.M., as administrator of the Estate of H.M., deceased, are lifted for the proposed settlement, and she is hereby authorized and empowered to compromise and settle claims for wrongful death and for conscious pain and suffering of the deceased (the allocation of each to be determined by the Surrogate's Court), with defendant NEW YORK CITY TRANSIT AUTHORITY, with prejudice and without costs and disbursements, in the total sum of XXXXXXXXXXXX DOLLARS ($xx,xxx.xx); and it is further
ORDERED that S.M., as administrator of the Estate of H.M., deceased, is hereby authorized and empowered to discontinue with prejudice all claims and causes of action against [*3]the non-settling defendants METROPOLITAN TRANSPORTATION AUTHORITY and the CITY OF NEW YORK; and it is further
ORDERED that S.M., as administrator of the Estate of H.M., deceased, be, and she is hereby permitted to execute and deliver a General Release to the defendant THE NEW YORK CITY TRANSIT AUTHORITY, together with any and all papers necessary to effectuate the settlement herein; and it is further
ORDERED that defendant THE NEW YORK CITY TRANSIT AUTHORITY shall, within the time frame set forth in CPLR § 5003-a, pay the sum of XXXXXXXXXXXX DOLLARS ($xx,xxx.xx) to the law firm of DOUGLAS & LONDON, P.C., as attorneys for S.M., as administrator of the Estate of H.M., deceased; and it is further
ORDERED that upon the receipt of the settlement monies, plaintiff's attorneys shall deposit the funds in an interest-bearing escrow account for the benefit of the distributees; and it is further
ORDERED that the disbursements of the law firm of DOUGLAS & LONDON, P.C. in this matter are approved and fixed in the amount of XXXXXXXXXXXX DOLLARS AND XXXXXXXXXXXX CENTS ($x,xxx.xx); and it is further
ORDERED that the attorneys' fees of the law firm of DOUGLAS & LONDON, P.C. in this matter are approved and fixed in the amount of XXXXXXXXXXXX DOLLARS AND XXXXXXXXXXXX CENTS ($xx,xxx.xx); and it is further
ORDERED that, upon submission to this court of proof of filing of a petition for allocation and distribution in the Surrogate's Court on behalf of decedent's estate, plaintiff's attorneys, the law firm of DOUGLAS & LONDON, P.C., is permitted to draw from the escrow account their disbursements and attorneys' fees in the total sum of XXXXXXXXXXXX DOLLARS AND XXXXXXXXXXXX CENTS ($xx,xxx.xx); and it is further
ORDERED that the balance of the settlement monies in the sum of XXXXXXXXXXXX DOLLARS AND XXXXXXXXXXXX CENTS ($xx,xxx.xx) shall be held in said interest-bearing escrow account for the benefit of the distributees pending the Decree of the Surrogate's Court in regard to the allocation and distribution of said funds; and it is further
ORDERED that the law firm of DOUGLAS & LONDON, P.C. shall continue to serve as attorneys for the estate until the entry of a final decree in the Surrogate's Court; and it is further
ORDERED that the filing of a bond shall be dispensed with.
This constitutes the decision and order of the court.